Parker, C. J.,
delivered the opinion of the Court. It is very clear that the neglect of the plaintiff to give notice to the defendant of the non-payment of the note which had been indorsed to him has discharged the defendant from his liability as indorser;† [ *452] so that, if he had made an absolute tender *of the balance due on the account, after deducting the amount of the note, he would have been discharged from this suit.
But he lost the benefit of his tender, by insisting on a receipt in full of all demands, which the plaintiff was not obliged to give him.‡ The defendant should have relied on his tender, and upon proof at *395 the trial that no more was due. But he withdrew the tender, because the plaintiff would not comply with the terms which accompanied it. This cannot be deemed a lawful tender ; and, according to the agreement of the parties, judgment must be entered for the plaintiff for the balance of his account, and for his costs.

 M'Kenney vs. Crawford, 8 Serg. & R. 351. — Poole vs. Tolleson, 1 M'Cord, 199.

 Glascott vs. Day, 5 Esp. 48. — Hegham vs. Baddeley, Gow, 213. — Ryder vs. Townsend, 7 D. & R. 119.—Strong vs. Honey, 3 Bing. 304--Evans vs. Judkins, 4 Cowp. 156. — Huxham vs. Smith, 4 Cowp. 21. — Loving vs. Cooke, 3 Pick. 48. — Saunders et al. vs. Frost, 5 Pick 259 — Laing vs. Meader, 1 Car. & P. 257.