## JOSHUA LORING, in Equity, *versus* ENOCH COOKE.

Where a right in equity of redeeming mortgaged real estate is sold on execution to a creditor of the mortgager, the mortgager is entitled to redeem such right in equity upon repayment of the purchase money and interest, without paying other demands of the purchaser against him.

A tender of the purchase money must be unconditional; and where the mortgager offered the money, but insisted on the purchaser's executing a release of the right in equity, which he refused to do, the tender was held insufficient.[2]

THE bill alleged that L. Baldwin, a deputy sheriff, by virtue of an execution in favor of Lodge & Draper, against Loring, sold on the 14th of April, 1821, for 1200 dollars, Loring's right in equity of redeeming certain mortgaged real estate, and that Cooke was the purchaser; that Cooke, never having paid off the mortgage, took possession of the premises and had ever since occupied them; that on the 13th of April, 1822, Loring tendered to him 1275 dollars and demanded a release or conveyance of the right in equity, and that he refused to receive the money and give such release or conveyance; and that Loring tendered to him for his signature a deed of release, which he refused to execute.

The answer admitted that Loring did bring a bag of money to Cooke and propose to pay him 1275 dollars if he would first execute and deliver a deed of reconveyance, and *did offer* a deed for his signature, but it denied that Loring ever offered to pay that sum without any conditions.

The answer further stated, that Loring owed Cooke other sums of money, that Loring was insolvent, and that Cooke purchased the equity of redemption for no other purpose than to obtain satisfaction of some part of those debts; and it submitted, that the Court would not decree a reconveyance until the plaintiff should tender and pay the balance due to the defendant.

*March 3d.*  *S. D. Parker*, for the plaintiff, said the tender was suffi-

---

[2] See Revised Stat. c. 73, § 42. The purchaser of the right to redeem, or the person holding under him, is now required, upon payment of the purchase money, &c., to execute, acknowledge and deliver to the debtor a sufficient deed of release of the right of redemption taken and sold. Id. It would seem, that a tender of the purchase money, &c., as required by the statute, accompanied by a demand of a release, would now be proper. Per *Parker* C J., in *Saunders* v. *Frost*, 5 Pick. 270.

cient. The statute provision for redemption was for the benefit of the debtor. If the purchaser takes the money and refuses to convey and becomes insolvent, the statute is rendered nugatory. There must be a simultaneous tender and conveyance. This case differs from that of a payment of a common debt, where the creditor is not bound to give a receipt and the payment may be proved by other evidence. Here there is no obligation on the part of the debtor to redeem, and an equity of redemption cannot pass by parol, but only by deed. *Scott* v. *M'Farland*, 13 Mass. R. 311. Loring could not be compelled to run the risk of losing his money without receiving a deed. *Newcomb* v. *Brackett*, 16 Mass. R. 161.

To the point, that the plaintiff was entitled to redeem upon the repayment of the purchase money and interest, without paying other debts due to the purchaser, were cited *Hicks* v. *Bingham*, 11 Mass. R. 300 ; *Pomeroy* v. *Winship*, 12 Mass. R. 517 ; *Bigelow* v. *Willson*, 1 Pick. 492.

*Orne*, for the defendant, cited, on the question of the sufficiency of the tender, *Thayer* v. *Brackett*, 12 Mass. R. 450 ; *St.* 1815, *c.* 137 ; *St.* 1798, *c.* 77 ; *Clark* v. *Tyson*, 1 Str. 504 ; *Thomas* v. *Evans*, 10 East, 101 ; *Lancashire* v. *Killingworth*, 2 Salk. 623, and 3 Salk. 341.

In regard to the other question, he contended that the statute of 1815, in saying that the equity of redemption may be redeemed upon payment of such sum as may by the sale have been satisfied on the execution, with interest, intended only to fix the amount which should be due on the particular contract by which the equity of redemption was purchased, without meaning to interfere with any lien which the purchaser might thereby acquire in relation to other demands against the debtor. In England the court of equity holds, that land mortgaged is bound, not only for the sum specifically secured by the mortgage, but likewise for other sums due to the mortgagee ; and in this Court the plaintiff, who is seeking equity, will be compelled to do equity by paying all the defendant's just demands against him, before the Court will decree a reconveyance. Poth. Oblig. *no.* 503 ; Com. Dig. *Chancery*, 4 *A*, 10 ; 2 Ch. Ca. 87 ; *Demainbray* v. *Metcalf*, 2 Vern. 691 ; *Rayson* v. *Sacheverel*, 1 Vern. 41 ; 8 Mass. R. 556.

WILDE J. delivered the opinion of the Court. There **is** but one question in this case which requires a moment's consideration ; and that depends on the sufficiency of the tender ; for it is very clear that the plaintiff is entitled to redeem on the repayment of the purchase money and the interest.[1] This right is expressly given by statute, and cannot be charged with other independent demands, according to the doctrine of tacking as adopted by the English courts of equity.

The objection made to the tender is, that it was not absolute, but conditional. The plaintiff insisted on the defendant's executing a release of the equity, and on his refusal so to do the tender was withdrawn. The plaintiff's counsel now contends, that the defendant was bound to execute the release, and tha* the tender was good. But it is an error to suppose that the defendant was under any legal obligation to execute the release. We know of no such obligation ; the statute imposes none, but requires an unconditional payment of the money, in order to redeem an equity sold on execution. If after this the estate is withheld by the purchaser, the remedy is by application to a court of equity.

In the case of *Glasscott* v. *Day*, 5 Esp. R. 48, it was determined by Lord *Ellenborough*, that money tendered with a demand of a receipt in full, and refused on that ground, was not a legal tender. And the same point was determined in the case of *Thayer* v. *Brackett*, 12 Mass. R. 450. There is nothing to distinguish those cases from the present. It makes no difference, that the plaintiff was not under any legal obligation to redeem ; for if he elects to redeem, he must comply with the requisitions of the statute. If he relies on his tender, it must be a legal tender, and such a one as would be good in case he was bound to pay a debt or to perform a duty. He cannot impose conditions, or if he does, he will lose the benefit of his tender. The defendant did not refuse to receive the money, he only refused to execute a release. There was therefore neither a tender, nor a refusal of the money, there was

---

[1] See *Dorsey* v. *Gassaway*, 2 Harr. & Johns. 412; *Gwinne* v. *Whitaker* 1 Harr. & Johns. 465; *Peabody* v. *Patten*, 2 Pick. (2d ed.) 520 n. 1; *Legro* v. *Lord*, 1 Fairfield, 161

only a conditional offer to pay ; and it is impossible to hold that this amounts to a legal tender.[1]

Loring<br>v.<br>Cooke.

*Bill dismissed.*

---

[1] See *Saunders* v. *Frost*, 5 Pick. 269, 270 ; *Robinson* v *Batchelder*, 4 N. Hamp. R. 40 ; *Laing* v. *Meader*, 1 Carr. & Payne, 257 ; *Ryder* v. *Townsend*, 7 Dowl. & Ryl. 119 ; *Griffith* v. *Hodges*, 1 Carr. & Payne, 419 ; *Cheminant* v. *Thornton*, 2 Carr. & Payne, 50 ; *Strong* v. *Harvey*, 3 Bingh. 304 , *S. C.* 11 B. Moore, 72 ; *Mitchell* v. *King*, 6 Carr. & Payne, 237 ; *Peacock* v. *Dickerson*, 2 Carr. & Payne, 51 ; *Legro* v. *Lord*, 1 Fairfield, 161.

