## DECISION OF CHIEF JUSTICE LEE.

### B. F. HARDY *vs.* B. F. ANGEL.

To support the plea of tender, and thereby save costs, it must appear that the tender was absolute, and uncoupled with any condition. Money tendered with a demand for a receipt is not a legal tender.

This was an action brought to recover a balance of account due for services, rendered by the plaintiff as Physician of the United States Hospital, amounting to $582, and $200 for rent of office leased to the defendant. Defendant plead, that as to the $582 claimed for services, he was not indebted; and as to the item of $200 for rent, he was only indebted in the amount of $135, which sum he had tendered to the plaintiff previous to the commencement of this suit. The jury found a verdict for the plaintiff for only $135, the amount due to him for rent, and defendant's counsel now moves that the plaintiff be ordered to pay the costs of the suit, on the ground that a good and sufficient tender was made to him of the full amount found due by the jury. The plaintiff objects to this, alleging that the tender was not sufficient, inasmuch as it was not unconditional. From the evidence of Mr. Dougherty, who made a tender on behalf of the defendant, it appears, that the tender was coupled with the condition that the plaintiff would give a proper receipt on account of rent; this the plaintiff refused to do, but stated that he was willing to receive the money and to give a receipt on account.

With regard to the law on this subject there can be little doubt. To support the plea of tender, and thereby save costs, it must appear that the tender was absolute, and uncoupled with any condition. Money tendered with a demand for a receipt is not a legal tender ; and the defendant, by insisting on a receipt on account of rent, has lost the benefit of his tender. He should have made his tender unconditional, and then upon the rendition of the verdict that no more was due to the plaintiff, he would have been entitled to costs.

A case directly in point is that of Thayer *vs.* Brackett, 12 Mass. 450; see also Loring *vs.* Cook, 3 Pickering, 50; 5 Pickering, 259, 270; 3 Starkie on Evidence, 1086; 2 Greenleaf on Evidence, § 605; and authorities there cited.

Motion denied.

Mr. Montgomery and Mr. Blair, counsel for the plaintiff.

Mr. Bates counsel for the defendant.