JOHN E. GODFREY, *Judge of Probate, versus* WALTER GETCHELL & *als.*

Where a Judge of Probate has decreed an allowance to a widow from the personal estate of her deceased husband, and the administrator has paid a part of it, taking receipts for his payments, he is bound to pay the balance when demanded, on tender of a receipt therefor, and is not authorized to refuse payment until he obtains a discharge or receipt in full. The several receipts for part payments, making up the whole sum when taken together, constitute a receipt in full, and would be perfect vouchers before the Judge of Probate.

THIS was an action of DEBT on the bond given by Walter Getchell, administrator on the estate of Greenville Flint, brought in the name of the Judge of Probate, for an alleged breach by refusing to pay the allowance made by the Judge to the widow, Augusta S. Flint, out of the personal estate of the deceased. By consent of parties, it was referred to the Court, HATHAWAY, J., presiding, with the right to except.

It appeared that the Judge of Probate had made an allowance to the widow of $800, with directions to the administrator to return the order, "with a proper receipt and discharge thereon," on rendering his account of administration. The administrator had made payments to her from time to time, and had taken receipts, so that the balance due her on the allowance was $87,38. In July, 1857, the widow's attorney demanded payment of this balance; the administrator offered to pay it, on receiving a discharge in full; the attorney refused to receive the balance on those terms, but offered to take it and give a receipt for the specific sum. This offer the administrator refused; and this suit is brought for the balance due the widow.

The presiding Judge ruled, that the administrator was not bound to pay without receiving a discharge or receipt in full; and that the widow was bound to give such a discharge on receiving her full pay; and he ordered a nonsuit. The plaintiff filed exceptions.

*J. A. Peters* and *L. Barker*, for the plaintiff.

*Rowe & Bartlett*, for the defendants.

The opinion of the Court was drawn up by

KENT, J.—The question in this case is, whether the ruling of the Judge, to whom the case was referred, with right to except, was correct in the matter of law. The case finds, in brief, that there was due in money, from the administrator to the widow, $87,38; that all of the eight hundred dollars except the above amount, ordered to be paid to her, had been paid at different times, and separate receipts given therefor;

that a demand was made on the administrator by the attorney for the widow, for the amount due; that the administrator was ready and offered to pay said sum, upon receiving a discharge in full; that the attorney for the widow offered to take said sum and receipt therefor, but refused to give a discharge in full; that the administrator refused to pay without a receipt in full, or a discharge. It does not appear that the administrator offered to give up the former receipts.

On these facts, the Judge decided, as matter of law, that the widow was bound to give a discharge in full upon receiving her pay in full, and the administrator was not bound to pay without receiving such discharge or receipt in full, and thereupon ordered a nonsuit.

There is no doubt that, as a general principle, a person who undertakes to discharge an obligation or contract, by a tender or offer to pay, must make the tender absolute, unaccompanied by any condition. He cannot require a receipt or a release, and, if he does, the tender is invalid. *Thayer* v. *Brackett*, 12 Mass. 450; *Loring* v. *Cook*, 3 Pick., 48.

But this is not a case of a contract. The obligation to pay rests upon the decree and order of the Judge of Probate, making an allowance to the widow, and ordering the administrator to pay or deliver to her a certain amount of the personal property. That order, for a non-compliance with which this action is brought, was based on the statute as found in R. S. of 1857, c. 65, § 13. Both parties are bound by the decree and order. And it appears in the order, made part of the case, that the administrator was directed to take a proper receipt and discharge thereon, and to present the same on settlement, as evidence of the payment.

The intent and purpose of this order is manifest. It is that the widow should have the property or money, but should, on receipt, give the administrator written evidence of his having performed his duty, that he might exhibit the same on settlement. No particular form was required. The essential thing was such a receipt or discharge given into the possession and control of the administrator.

It appears that the administrator paid portions from time to time, and took receipts for the same. On the last demand or request, he was ready to pay, and the widow was ready to receive the sum which he alleged, and which the case finds, was due. The attorney for the widow, not probably know-ing the exact amount due, or for some other reason, was un-willing to give a receipt in full discharge, but was ready to give one for the sum offered. If the defendant had paid him, and taken such receipt, that receipt, with the other receipts in his possession before given, and the amount of which he knew, would have exactly covered the $800 ordered to be paid, and would have been perfect vouchers for him before the Judge of Probate.

The law looks to the substance and not to the form. The decision of the Judge may, perhaps, be regarded as essen-tially correct in principle, that the administrator had a right to require receipts, and such receipts as would show that he had paid in full. The question is, were not such receipts as he had, with the one offered, when taken together, receipts in full, and sufficient evidence to protect him? We think they were, and that he ought to have paid over the money.

*Exceptions sustained, and—*

*Nonsuit taken off.*

TENNEY, C. J., and APPLETON, CUTTING, and DAVIS, J. J., concurred.