Goodrich *v.* School District No. 1, in Fairfax.

---

GEORGE J. GOODRICH *v.* SCHOOL DISTRICT No. 1, IN
FAIRFAX.

*Book Account. School Teachers. Certificate of Qualifications from the Superintendent of Schools, is a pre-requisite to a right of action for services, &c. Prudential Committee.*

The statute requires every teacher to obtain a certificate of his qualifications before he opens his school; and the obtaining of such certificate is a *pre-requisite* to a right of action for his services as a teacher.

And the facts, that the teacher was a minor, and that the superintendant was sick, and deceased, and no superintendent was appointed to fill the vacancy, till after his school commenced, cannot supersede the statute.

And the prudential committee have no power to waive the requirements of the statute, nor can the prudential committee bind the district, by a contract with the teacher, that he may teach the school without procuring a certificate of his qualifications.

BOOK ACCOUNT. The action was originally commenced before a justice of the peace, and came to the county court by appeal. The case was sent to an auditor, who reported substantially the following facts:

That the plaintiff contracted with the prudential committee, of school District, No. 1 in Fairfax, to teach the school in said district, for the term of three months in the winter of 1851, and that the plaintiff, soon after said contract, and on the 25th day of October, 1851, with the intention of submitting himself to an examination, as to his qualifications, made inquiry of the town clerk in said Fairfax, for the superintendent of common schools in said town; and upon such inquiry learned that the superintendent had removed from said Fairfax. That afterwards, and on the 29th day of November, 1851, having learned that a Mr. Scott had been appointed superintendent, the plaintiff repaired to the residence of said Scott, and there found said Scott so sick as not to be able to examine plaintiff.

That before the first day of December, 1851, the plaintiff informed the prudential committee of said district of his application to said Scott for examination, and of the inability of Mr. Scott to examine him, and that he had not obtained any certificate of his qualifications to teach a common school, whereupon the said prudential committee directed the plaintiff to go on, and begin his school, on the first day of December, as he had agreed, and that not having obtained a certificate of his qualifications, should make no difference.

That plaintiff, on said first day of December, 1851, pursuant to his contract, commenced teaching school in said district, and continued to teach said school for the said term of three months, as he agreed. That after he had commenced his school, and on or about the first day of January, 1852, plaintiff submitted himself for examination to a Mr. Dunn, who then was and had been superinten-

dent of common schools in said town, from the 4th day of December, 1851, he having been appointed after the decease of the said Scott. That Mr. Dunn examined plaintiff, as to his qualifications to teach a common school, and did not find him qualified, and did not grant or give plaintiff any certificate of qualification.

That on or about the 15th day of January, 1852, the plaintiff applied to the prudential committee to be released from his said contract, having failed to obtain his certificate, and some of the inhabitants having become dissatisfied with the school; but said committee refused to release plaintiff from his contract, and told him if he should then discontinue the school, the district would not pay him for the time he had taught; and that they were satisfied with his school, and if he continued on, and kept his time out, the district would pay him all his wages, and the plaintiff continued to teach said school through said term of three months.

The county court, March Term, 1853,—PECK, J., presiding,—rendered judgment on the report for the plaintiff.

Exceptions by defendants.

*Underwood & Hard* for defendants.

The plaintiff not having procured a certificate of qualification previous to the performance of the services charged is not entitled to recover. Comp. Stat. 143 § 8, 12. *Baker* v. *School District No. 1 in Bakersfield*, 12 Vt. 192.

The committee have no authority to waive this provision of law, so as to bind the district.

———— *Hodges* and *Geo. F. Edmunds* for plaintiff.

The case shows that from the time of the making of the contract to the commencement of the school, the office of superintendent of schools in Fairfax was vacant—there was no officer who could give the plaintiff a certificate.

It is to be observed that the contract was not void in its inception. The language of the statute is that the contract " shall be null and void if the said teacher shall fail to obtain a certificate of qualification, of the superintendent of the town in which such district shall be situate, before the commencement of the school, &c." The contract was therefore clearly valid when it was made.

We insist, that a fair construction of the terms of the statute will

excuse the want of a certificate in this case. The words "if the teacher shall fail, &c." clearly imply the existence of an officer invested with powers to examine, and an examination by him, and refusal to certify; or at least a voluntary failure on the part of the teacher. Now, in no just sense can the teacher be said to fail to obtain a certificate from an officer, when there is no such officer competent to grant or deny one.

The consequences of a different construction would put it in the power of a town to stop all schools within its borders.

The opinion of the court was delivered by

BENNETT, J. The statute relating to common schools, makes it the duty of the several towns in the state, to appoint annually, one or more superintendents of common schools; and they are made the judges of the qualifications of those who shall wish to become teachers; and every teacher is required to obtain of the town superintendent a certificate of his qualifications before he opens his school; and the 12th section of the act declares all contracts for teaching *null and void,* if the teacher shall fail to obtain a certificate of qualifications of the town superintendent, before the commencement of his school.

The obtaining a certificate is a *pre-requisite* to a right of action; and this seems to be admitted, as a general rule; but it is claimed, that from the facts in this case, the rule, or in other words the statute, should be relaxed; but we think not. It is of no importance that the plaintiff was a minor; and the fact that Mr. Scott, the superintendent, was sick, and unable to examine him, and that after his death no superintendent was appointed in his place, till after the plaintiff commenced his school, can not supersede the statute; and the prudential committee had no power to waive its requirements.

There is no equity in the plaintiff's case; a superintendent was appointed four days after the plaintiff commenced his school; but he neglected to apply for an examination, and when he was eventually examined, he was found not qualified. To hold that the plaintiff can recover in this case would be not only to dispense with the statute, but also with the necessary qualifications of a teacher in point of fact; and this would be to repeal the statute in its very spirit. The cause of education is peculiarly in the hands of the

Legislature, and the object of the statute was to guard against the employment of incompetent teachers.

Whether the plaintiff could have a remedy against the committee, for inducing him to go on with his school without an examination, is a point not before us. Certainly they could not bind the school district by waiving the express provisions of the statute.

The judgment of the County Court is reversed, and judgment on the report for the defendants.