ATILDA BLANCHARD *v.* SCHOOL DISTRICT NO. 11 IN WARREN.

*School teacher's certificate.*

A certificate of a school teacher's qualifications which is made out and signed by the town superintendent at its date, and is thereafter kept by him to be delivered whenever called for, will take effect from its date, though not delivered until long after; the act giving the certificate its effect and validity being the decision of the superintendent respecting the teacher's qualifications.

Such a certificate will be valid if made without a personal examination as to the teacher's qualifications, but upon such other evidence as is satisfactory to the superintendent.

BOOK ACCOUNT. The plaintiff's account was for teaching school for the defendants for twelve weeks, commencing in December, 1854, at one dollar and seventy-five cents per week. The auditor allowed the plaintiff's account as charged, and respecting her certificate of qualifications he reported that she produced before him a certificate, which read as follows:

"Warren, Vt., December 1, 1854. Miss Atilda N. Blanchard is hereby licensed to teach school in the town of Warren, Vt., one full year from the date hereof. Attest,

"S. D. PARKER, *Town Superintendent*

"*Common Schools for town of Warren ;*"

that thereupon the defendants introduced the deposition of said Parker, which, though objected to, the auditor allowed, the facts stated in which he found to be true ; and he also reported that it

appeared that the Mr. Fuller mentioned in said deposition was the brother-in-law of the plaintiff, in whose family she at that time resided. The deposition was as follows:

"Darius S. Parker, being duly sworn, deposeth and says: that for the year ending March, A. D. 1855, he was school superintendent for the town of Warren, in the county of Washington and state of Vermont; that previous to the commencement of the winter school, to wit, on or about the first of December, A. D. 1854, he prepared licenses for the teachers of the different districts in said town, so far as he knew the names of those who were to teach in the different districts. Miss Atilda N. Blanchard taught school in school district No. 11, in said town of Warren, but to the best of my recollection and belief never in person applied to me for a license, but sometime in the forepart of the month of July, A. D. 1855, I received a line from Allen M. Fuller of said Warren, asking about a license for Atilda N. Blanchard, saying to me that she had none. On looking over some papers concerning schools, I found that the license written for Miss Atilda N. Blanchard had never been delivered to her. I wrote the facts as above to the said A. M. Fuller, at the same time enclosing the license which was written at the time it bears date, (December, 1854,) requesting him, the said Fuller, to do nothing improper in the premises; and further the deponent saith not."

The county court, ———— Term, 185–, ——————, J., presiding,—rendered judgment on the report for the defendants. Exceptions by the plaintiff.

*J. P. Kidder*, for the plaintiff.

I. The deposition of Parker was improperly admitted. Parol proof that the certificate was granted without a personal examination of the teacher is inadmissible; *George* v. *School District No. 8, in West Fairlee and Vershire*, 20 Vt. 495.

The deposition also contradicts the certificate, which is record evidence.

II. If the teacher obtains the certificate without any previous examination, it is sufficient; *vide* same case.

*Dill & Durant*, for the defendants.

The deposition of S. D. Parker negates the idea of a personal examination of the teacher and the having a license before entering school, as required by statute. See Comp. Stat., chap. 20, sec. 8 ; 2d and 3d clauses of sec. 12. See also *Goodrich* v. *School District No.* 1, *Fairfax*, 26 Vt. 115.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made in the present case is in regard to the plaintiff's certificate of qualifications to teach from the superintendent. The certificate bore date December, 1854, the school being taught within one year after. It was, then, a compliance with the requirements of the statute, unless impeached by the testimony of the superintendent. The case of *George* v. *School District in West Fairlee*, 20 Vt. 495, decides, that the fact the certificate was granted without personal examination into the qualifications of the teacher is no impeachment of the certificate. All there is beyond that, in the present case, is, that it was not handed over to the teacher until July after its date.

But it would seem from the testimony of the superintendent that it was intended to have been delivered at its date. The superintendent says he made certificates for all the teachers in town whose names he knew, and for the plaintiff among them, knowing she taught in this district. On being applied to in regard to the license he found it had not been delivered, being among his school papers. He evidently speaks of this discovery as a surprise, and this, in connection with the fact that he sent it immediately to the plaintiff, shows that it was intended to have been delivered at the time it bore date. And if so it would seem to be the same as if it had been in fact then delivered. For if the plaintiff had been examined and decided to be qualified, it could certainly not deprive her of the action that her certificate did not come to her own hands at the time it bore date.

If it had been given to some third party for the plaintiff, or by mistake kept by the superintendent, as in the present case, it would still virtually be in the plaintiff's possession, the persons having it in custody holding it for her.

And as the personal examination is not important to the plain-

tiff's right to recover, all that seems essential is that the superin-tendent should be so assured of the qualifications as to decide the point of the plaintiff's fitness. If the manual labor of drawing up the certificate were not performed at that time, it would probably not deprive the plaintiff of the right to recover if the superinten-dent made a definite decision of the question of fitness upon such evidence as was satisfactory to him. He might probably make the certificate as of that date, and showing it written subsequently would be no impeachment of its legal effect. Much more if the certificate was actually made, ready for delivery, but by accident not handed over, it could have no such effect.

Nor do we think it of much importance that no personal appli-cation was made by the plaintiff for the certificate. If the appli-cation was made by some friend, and the superintendent gave assurance of awarding a certificate without the formality of a per-sonal examination, as is not uncommon in the case of known and experienced teachers of established reputation, it would certainly be no impeachment of the certificate. And that is all which this case presents.

This is in striking contrast with the case of *Goodrich* v. *School District in Fairfax,* 26 Vt. 115, and *Hopkins* v. *School District in Danby,* 27 Vt. 281, in both of which cases the candidate was found not qualified, which is of the essence of the requirement.

The act which gives validity to the certificate is the judgment of the superintendent of the qualification of the teacher, upon such evidence as is satisfactory to him. The certificate itself is the record merely of the judgment. The certificate, then, should take effect from its date, and not from its delivery, and it should bear date concurrently with the judgment.

Judgment reversed. Judgment for the plaintiff on the report.