Welch *v.* Brown et als.

THOMAS WELCH *v.* MOSES D. BROWN, AND THOMAS W. VOSE, AND TRUSTEE, SCHOOL DISTRICT NO. 15 IN RANDOLPH.

*School district.   Teacher's certificate.*

The statute (Comp. Stat. p. 144, sec. 12,) makes it a *condition precedent* to any valid contract for teaching a common school, that the teacher obtain a certificate of qualification from the town superintendent: and a teacher, in order to recover his wages of a school district, must first show a compliance with this requirement.

The mere fact that there was ill feeling between the town superintendent and and the teacher, is no excuse for not obtaining such certificate.

In this case, a commissioner was appointed who reported the following facts : The defendant, Vose, taught school for the trustee, under a contract, in regard to the validity of which the only question was in relation to the obtaining, by Vose, of a certificate from the town superintendent of schools in Randolph.

On this point the commissioner reported, " that it was not proved that Vose, before he entered upon said contract, had submitted himself to the examination of the town school superintendent of Randolph, or that he had at that time, or since then, procured from said superintendent any certificate of his qualifications as a teacher, as the law in such case requires.   It also appeared that during the year when Vose kept the school aforesaid, the defendant, Brown, was superintendent of schools for the town of Randolph, and that there existed between said Brown and Vose, ill feelings, and that they had little or no communication with each other."   The commissioner also reported that Vose had faithfully fulfilled the contract on his part, and that his services were worth the amount contracted to be paid therefor.

The county court,—UNDERWOOD, J., presiding,— ordered the trustee discharged.   Exceptions by the plaintiff.

*P. Perrin,* for the plaintiff.

*E. Weston* and *J. P. Kidder,* for the trustee.

The opinion of the court was delivered by

POLAND, J.   The plaintiff, in order to charge the district as the

Welch *v*. Brown et als.

trustee of Vose, must show such facts as would establish a legal liability on the district, to pay Vose for teaching the school. The question is just the same as if Vose had sued the district to recover for the same services.

The statute (see Comp. Stat. p. 144, sec. 12,) provides that any contract for teaching, etc., shall be null and void if the teacher shall fail to obtain a certificate of qualification, etc.

The plaintiff claims that in a suit by Vose for his wages, he would not be bound to show that he had obtained a certificate, but that this would be properly a matter to be set up and proved by way of defence to his claim; that in the absence of proof on the subject, the legal inference would be, that he had a certificate, and that as the commissioner has reported in this case, not that Vose did not obtain a certificate, but only that it was not proved that he had procured one, it is to be assumed that he had one. But we are of opinion that the obtaining the proper certificate is made by statute a condition precedent, to any valid contract for teaching, and that it is a necessary part of the plaintiff's proof, who undertakes to recover upon such a contract. This was expressly decided in the case of *Goodrich* v. *School District in Fairfax*, 26 Vt. 115; and such has been the universal course in practice in suits of that character. It has always been held too, that this requirement of the statute could not be dispensed with, by proof that the teacher was, in fact, qualified to teach. The excuse for not having obtained a certificate, is far less plausible than that set up in the case above cited. The judgment below, dismissing the trustee, was clearly right, and is affirmed.