ANNA F. V. WELLS *v.* SCHOOL DISTRICT No. 2, GRANBY.

*School Teacher. Certificate. Contract. Evidence.*

No particular form is prescribed or required for a teacher's certificate of qualifications to teach school. The superintendent having certified that the party was examined and approved by him on a given day is sufficient.

Where the certificate, on its face, shows that it was seasonable, and the evidence, *aliunde,* shows that the teacher seasonably applied for it, that she in fact subjected herself to the direction and convenience of the superintendent, acting in good faith herself, and the superintendent acting in good faith, the objection that she did not in fact obtain the certificate, and was not examined, till some time after she began to teach the school, cannot avail to defeat her claim for wages.

A teacher is under no obligation to notify the prudential committee of her return of the school register to the district clerk.

Evidence of the teacher's account which she gave her scholars in reply to inquiries, in respect to trouble she had had, in a former school, and evidence to show that this account was incorrect, offered with a view to show that the teacher was not truthful, was properly excluded.

ASSUMPSIT, to recover wages for teaching school. Plea, the general issue and notice. Trial by jury, June term, 1868, STEELE, J., presiding.

At the close of a religious meeting in Granby, on the evening of November 13, 1866, the defendants' prudential committee engaged the plaintiff to teach the defendants' winter school for twelve weeks at four dollars per week and board. The plaintiff resided in Burke and was intending to go home in a few days. It was expected the school would commence early in December. The

23

town superintendent of Granby was present at the meeting, and the plaintiff applied to him for examination. The superintendent said he would, if he found it convenient, call at the place in Granby, where she was visiting, and examine her before her return, but if he did not she might commence her school, and he would call early in the term and examine her, only she must run her own risk of passing examination, but if she proved to be qualified it would be just as well. During the previous summer, the plaintiff taught in the adjoining town of Victory, and her reputation in that school was known to the prudential committee and the superintendent.

The prudential committee came for the teacher on the 8th, and she commenced her school the next Monday, December 10, 1866. She had remained in Granby nearly a fortnight after her engagement. The superintendent did not call upon her, and she had taught the school two weeks before she was examined. On examination she proved qualified. The examination was conducted in the school house, after school hours, the superintendent being on a visit to the school. It became nearly dark before the examination was completed and there was no light in the school house. The superintendent on that account did not write a certificate at the time but told the teacher he would hand her one soon. It was in fact handed the teacher the next time the superintendent visited the school, which was but a few days before her dismissal. The certificate was dated back to November 23, 1866, as it was understood it should be if the teacher should pass a satisfactory examination. The prudential committee was not aware of any thing that passed between the superintendent and the teacher upon the subject of the time of her examination. He only knew that she applied for examination at the time she was employed, and interested himself no further about it.

After the plaintiff had taught seven weeks the defendant's prudential committee dismissed her from the school. The defendant's evidence tended to prove that it was agreed that she should leave unless she taught satisfactorily, but the jury found there was no such stipulation in the contract. The defendant also claimed that they had just cause of dissatisfaction with the plaintiff, but the

jury found against the defendant on this point also. When the plaintiff was dismissed she took away with her the school register, but the jury found that she returned it properly filled, to the school district clerk, before the suit was commenced. The return of the register had not however come to the knowledge of the prudential committee, before the suit was brought.

On trial it appeared that the plaintiff once taught a school in Barton, and had some trouble in her school. The defendant offered to show that the plaintiff was questioned by her scholars as to this difficulty and what account she gave of the matter, and to prove by other witnesses that her history of the trouble in her Barton school was not correct. This testimony was offered to show that the plaintiff was not truthful. The court declined to hear the testimony, to which the defendant excepted.

The defendant claimed that the certificate, given by the superintendent, and put in evidence, was void because informal, defective and insufficient upon its face. The court ruled otherwise. The defendant claimed there could be no recovery because the prudential committee had no actual knowledge of the return of the register to the school district clerk until after the suit was brought. The court ruled against the defendant on this point.

The defendant claimed there could be no recovery because there was no actual examination of the teacher before the school commenced, and there could be no contract implied from the fact she was suffered to remain five weeks after her examination because the prudential committee was unaware of that examination and of the fact she had not been examined before. But the court told the jury that if she applied for examination before the school commenced and acted under the direction of the town superintendent as to the time of her examination, the law would give the certificate the effect intended for it by the superintendent, that is, would treat it as valid from its date. To all which rulings, adverse to the defendant, the defendant excepted. The jury were instructed if they found for the plaintiff to report specially how much they allowed for the time previous to examination, for the five weeks she taught after examination, and for the remainder of the term.

The verdict was made up as follows: For the two weeks before examination, at four dollars, and interest, the jury allow $8.60 ; for five weeks she taught after examination, and interest, the jury allow $21.50 ; for damages on account of balance of term, the jury allow $32.25 ; in all $62.35. The jury included the board of the plaintiff, in the item of damages, at $2 per week.

The following is the certificate :

"This certifies that on the 23d day of November, A. D. 1866, Miss A. F. V. Wells, of East Burke, was examined and is approved as a teacher in the common schools in the town of Granby, for the term of six months.                      ALLEN R. BOYCE,

Town Superintendent of the town of Granby."

*William W. Grout* and *Jonathan Ross*, for the defendant.

The failure of the plaintiff to procure the certificate required by law before the commencement of the school rendered her contract to teach null and void. *Goodrich* v. *School District No. 1 in Fairfax*, 26 Vt., 115 ; *Hopkins* v. *School Dis'rict No. 3 in Danby*, 27 Vt., 281 ; *Paul* v. *School District No. 2, Hartland*, 28 Vt., 575 ; *Blanchard* v. *School District No. 11, in Warren*, 29 Vt., 433 ; *Welch* v. *Brown et al.*, 30 Vt., 586 ; *Holman* v. *School District No. 4, in Halifax*, 34 Vt., 270.

As the return of the register, properly filled by the teacher, to the district clerk, is made by statute a condition precedent to the receipt of the teacher's wages, the knowledge of such return must be communicated to the prudential committee by the teacher before such teacher is entitled to demand her pay or commence suit. Gen. Sts., p. 166, § 110 ; *Crosby* v. *School District No. 9, in Readsboro*, 35 Vt., 623.

It was error to exclude the testimony offered, under notice, of the plaintiff's untruthfulness. Good morals is a requisite of a statutory teacher. Gen. Sts., p. 151, § 19.

It was certainly competent to show that she told falsehoods to her pupils, as that would be a good reason for dismissing her. The only way this could be done would be to show individual

instances of falsehoods like the one offered. *Holden v. School District No.* 10, *in Shrewsbury*, 38 Vt., 529.

*George C. & George W. Cahoon*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. I. Section 11 of chapter 22 of the General Statutes requires that the teacher shall obtain of the superintendent a certificate of qualifications. It does not prescribe the form; but requires the *fact*, and prescribes the duty of the superintendent as to examining and ascertaining whether the applicant possesses the requisite qualifications. It is to be assumed that he will faithfully do that duty, and that, in the given case, he has faithfully done it. When he certifies affirmatively that the party was examined and approved by him on a given day, what does it mean other, or less, than that the examined party was found by him to possess the qualifications required by the law? If that is the meaning, then the certificate answers the requirement of the statute both as to form and substance. The *thing* is what the law in this case regards, and not the particular dress in which the thing may be presented.

II. The objection, that the plaintiff did not in fact obtain the certificate, and was not examined till some time after she began to teach the school, can not avail in this case. The certificate, on its face, shows that it was seasonable. The evidence *aliunde* shows that she seasonably applied, and did all she could to get a seasonable examination; that she, in fact, subjected herself to the direction and convenience of the superintendent, acting in good faith herself, and the superintendent acting equally in good faith. The certificate was designed by him to serve the same purpose as if he had been able to do this service of making the examination and the certificate within the two weeks while the plaintiff was in Granby before the school began, and was on his hands for examination. When she was examined she was found to be qualified. It would be a harsh rule to hold that her contract was void in such a sense as to preclude her from getting pay for the service she actually rendered, and for the damage

caused to her by being unjustifiably turned out of school before the completion of the stipulated term. Such a rule would contravene the doctrine of *Paul* v. *School District in Hartland*, 28 Vt., 575, and of *Blanchard* v. *School District in Warren*, 29 Vt., 433, and it is not required by any case cited in the argument, or known to the court.

Moreover, PROUT, J., has in mind a case in Rutland county, in which HALL, J., delivered the opinion, about 1849 or 1850, where the very point was decided as we now hold. It may well be held upon sound principle, with the countenance of many decided cases, that the certificate should be held operative from its date in cases free from fault on the part of the applicants for examination, where they have done all in their power to get the certificate within the time required by the letter of the statute, and the delay has been the act of the public officer charged with the duty of making the examination, and giving the certificate, and where, as in this case, the applicant was entitled, on the score of qualifications, to have the certificate granted.

III. As to the alleged lack of knowledge on the part of the committee of the due return of the register before the bringing of this suit: we are not referred to, nor are we aware of, any law imposing on the plaintiff the duty of giving notice or knowledge of that fact to the committee. The statute only requires the teacher to duly keep and fill out the register and return it to the clerk.

I am glad personally not to feel obliged to invoke the aid or countenance of the decision made in *Crosby* v. *School District in Readsboro*, 35 Vt., 623, in holding that this point can not be maintained.

IV. The county court properly excluded the evidence offered in respect to the answers made by the plaintiff to the impertinent, if not impudent, inquiries made of her by her scholars, about the trouble she had had in her school in Barton. It had no bearing on any thing in issue. If it had been proper to show that her moral character was bad, that mode of showing it was not warranted by any principle of law or rule of practice.

The judgment is affirmed.