## CASHEN *v.* SCHOOL DISTRICT No. 12 IN BERLIN.

*Contract. Performance. Book Account.*

Plaintiff, an infant, entered into a contract with defendant's prudential committee to teach school in defendant district for twelve weeks, and immediately entered upon performance thereof. After she had taught twenty-three days, the school house was burned. The committee then informed her that she should go on, if a suitable place for the school could be found; and she held herself in readiness to resume teaching from that time to the end of the contract term; but no house was provided, although one might have been had; and she taught no more, although she

was not discharged. After expiration of the contract term, she returned the school register to the district clerk, filled out in accordance with the facts, and the clerk made certificate thereof. In book account brought by plaintiff after the attainment of her majority, for her wages for the full term, it was *held*, that as an action in that form would lie, and as plaintiff had fully performed on her part, she could recover in full.

BOOK ACCOUNT. The anditor reported in substance as follows :

The plaintiff seeks to recover on one item of account the sum of $48 with interest thereon, for teaching school. In respect to that item I find as follows : In the spring of 1875, the plaintiff contracted with defendant's prudential committee to teach school in defendant district which is a fractional district, during a term of twelve weeks, beginning on May 17, 1875, for the sum of $48, plaintiff boarding herself. On May 17th, the plaintiff began said term in defendant's school-house, having prior thereto obtained a certificate of qualification and license from the town superintendent. She taught until June 16th, following, when the said school-house was consumed by fire. The plaintiff, during the time that she so taught, boarded at the residence of her father in said district. After the school-house was burned, but on the same day, the plaintiff saw the prudential committee, who then told her that if he could get a place for the school, she should go on with it. A school meeting was called for June 28th following. After it was called, and before it was held, the plaintiff went to Montpelier and there worked one week for wages. On the day after the school meeting the plaintiff met the prudential committee at Montpelier, who then told her that nothing had been done at the school meeting about getting a place for keeping the school, that "there wasn't any signs of getting one," but that if he could get a place she should go on with the school. The plaintiff was offered a situation to work for wages in Montpelier, but declined it, and on the day after the school meeting, and after her last-mentioned interview with the prudential committee, she returned to her father's residence, where she remained until the time for which she was hired to teach the school had elapsed. During the time that the plaintiff actually taught, she set down in the register required to be kept, the attendance of scholars, and after the term for which the plaintiff was hired to teach school had expired, she filled out the register for the remaining part of said term with ciphers, indicating no attendance, and returned the register to the district clerk ; upon receipt of which the clerk gave the plaintiff a certificate, that the plaintiff had returned to him the registers of the district for the term commencing May 17th and ending August 6th, for twenty-three

days, properly certified for that time, which certificate the auditor rules to be sufficient.

When the plaintiff went to work in Montpelier, she did not intend to abandon her contract with the defendant, but intended to perform it on her part when a place for keeping the school should be provided ; and she declined the situation in Montpelier that she might be able to perform it. From the time the school-house was burned until the term for which the plaintiff was hired to teach had expired, the plaintiff was ever ready and willing to go on with the school whenever a place therefor should be provided ; and she was never dismissed nor excused by the prudential committee from performing the contract on her part.

Testimony was introduced tending to show that after the school-house was burned there was no suitable place in the district for keeping the school that could be had for that use, but your auditor finds that there was such place. Your auditor therefore allows said item as charged, and $3.16 interest thereon ; and finds that there is due from the defendant to the plaintiff, to balance book accounts between them, the sum of $51.16 ; and he allows to the plaintiff costs on the hearing, taxed at the sum of $6.50. If the court should be of opinion that upon the facts found and reported the plaintiff is entitled to recover pay only for the time during which she actually taught, then your auditor further finds, that on November 27, 1875, after this suit was brought, the agent appointed by the defendant to defend it, called on the plaintiff in Moretown, Vt., at the school-house where the plaintiff was then teaching school, and a short time before the session of the school for that day was to end, and handed her the sum of $25 in greenbacks, saying to her that there was $25 for her, from defendant. The plaintiff replied that she wouldn't take it until she could get the whole, whereupon the agent went away. Plaintiff's father soon after drove to the school-house to carry the plaintiff home. The agent saw the plaintiff's father when he drove to the school-house, and waited until the plaintiff and her father came along on their way home just after the school had closed for the day, and then told her that she could have the $25 at any time, by calling on him. The same greenbacks were produced on the hearing before me, and I herewith return them to the clerk of the court. I find that the said sum was sufficient to pay the plaintiff a reasonable compensation for the time she actually taught the school, and to pay the costs then made in this suit. If the court should be of opinion that these facts constitute a lawful tender, I then allow the defendant costs on the hearing taxed at the sum of $18.66. But if the court should be of opinion that no lawful tender was

Cashen *v.* School District No. 12 in Berlin.

made, I then allow to the plaintiff the sum of $20 together with the sum of $1.48 interest thereon, and find that there is due from the defendant to the plaintiff to balance book accounts between them the sum of $21.48; and I allow to the plaintiff costs in the hearing before me, taxed at the sum of $6.50.    I also find that the plaintiff contracted with the prudential committee, as aforesaid, and that all the services were rendered, and that the term for which the plaintiff was hired to teach the school had expired before the plaintiff arrived at the age of eighteen years; and that this suit was brought by the plaintiff after she was eighteen years of age.    I further find, from testimony taken subject to objection on the part of the defence, that it was arranged between the plaintiff and her parents prior to the making of said contract, that she should have as her own the wages earned by her.    If from the foregoing facts and exhibits the court should be of opinion that the plaintiff is not entitled to recover, I allow to the defendant costs in the hearing before me taxed at the sum of $18.66.

The court, at the September Term, 1876, REDFIELD, J., presiding, rendered judgment on the report for the plaintiff for $46 and the interest thereon, to which defendant excepted.

*G. M. Fisk,* for the defendant.

The plaintiff can recover in this form of action only for services actually performed; and for no more time than the clerk certified that she taught.    Acts of 1867, No. 19.

The tender was legal.    It was lawful money tendered without reservation.    The tender was kept good and the money brought into court, and was in amount more than sufficient to pay for services actually rendered.    *Woodcock* v. *Clark,* 18 Vt. 333.

The plaintiff's claim for pay for more than her actual services, is for damages, for which special assumpsit is the proper form of action.

This debt accrued to the father.    The plaintiff was a minor, and cannot maintain a suit in her own name.

*L. L. Durant,* for the plaintiff.

Book account is the proper form of action.    The plaintiff has done all that she agreed to do, and nothing remains but for the defendant to fulfill on its part.    *Scott* v. *School District No. 2 in Fairfax,* 46 Vt. 452; *Hyers* v. *Baptist Society,* 38 Vt. 614.

This case is governed by *Bromley* v. *School District No. 5 in Tinmouth*, 47 Vt. 381.

The opinion of the court was delivered by

BARRETT, J. The report shows that the plaintiff performed the contract on her part without default or short coming. She kept the school so long as a place was provided in which to keep it. She held herself ready to keep it through the entire term. She was not discharged from the contract, nor repudiated in any way. But on the contrary she was given to understand that she was expected to be ready and able to resume her service of teaching, it being treated as contingent, at most, whether a place would be provided for the continuation of the school. She did the service for which she was employed in just the way the employer enabled and required her to do it. This was a performance of the contract on her part entitling her to be paid according to the terms of the contract. Book account is a proper form of action, as much so as if the school-house had not been burned, and she had kept the school the whole term contracted for. If she had been discharged, and was claiming pay for more time than she kept the school, that would be in the nature of a claim of damages for the breach of the contract—a claim, not for pay for services performed under the contract, but for damages sustained by not being permitted to perform that contract by service according to its terms. Such was the case of *Paul* v. *School District in Hartland*, 28 Vt. 575.

She kept the register truthfully, according to the reality of things, even including the filling up with ciphers, after the school ceased. She returned it according to law, and the certificate of of the district clerk answers the requirements of the law in that respect in this case.

The judgment is affirmed—interest to be cast on the $46 from August 17, 1875, to the present time.