SCHOOL DISTRICT NO. 13 IN WATERBURY v. JOSEPH HARVEY.

*School District. Female Teacher. Committee. Treasurer.*
*R. L. s. 638.*

The vote of a school district instructing the committee to hire a female teacher is not obligatory, but merely advisory; and if a committee, after such vote, hires a male teacher, gives him an order for instructing the school, and the district refuses to pay it, but after several years elects the teacher treasurer of the district, he has a legal right to pay himself.

ACTION brought upon sec. 4152, R. L. Trial by jury, March Term, 1884, POWERS, J., presiding. Verdict ordered on the following statement of counsel for the defendant: That the plaintiff district, at its annual March meeting in 1878, elected the defendant's father its prudential committee, and at the same meeting instructed him by vote of the district to employ a female teacher to teach both the summer and winter terms of the school; that this vote was known to both the defendant and his father; that his father first hired a female teacher, and afterwards hired his son, the defendant, and that his son taught the school; that his father gave him an order for $63 on the district, but that the then treasurer of the district refused to accept the order; that the district at its next annual meeting voted that it would not pay the order held by the defendant, and that this vote was

known to defendant; that after several years the defendant was elected treasurer of the district, and, having received as such treasurer the public money of said district, amounting to $61.10, he, defendant, though demanded, refused to deliver it to the district, or his successor in office, but paid himself with the money.

*E. F. Palmer* and *W. P. Dillingham*, for the plaintiff.

*C. F. Clough* and *Geo. W. Wing*, for the defendant.

The opinion of the court was delivered by

ROWELL, J. The statute made it the duty of defendant's father, as plaintiff's prudential committee, to "appoint and agree with a teacher to instruct the school," R. L. s. 515; and in the performance of that duty the district could not control him, *Mason* v. *School District*, 20 Vt. 487; *dictum* in *Chaplin* v. *Hill*, 24 Vt. 528; *Batchelder* v. *City of Salem*, 4 Cush. 599. Therefore, the vote of the district, instructing him to employ a female teacher, was not obligatory upon him, but was advisory merely. Notwithstanding said vote, he had a right to hire defendant to instruct the school, and for his services in that behalf the district became and was legally indebted to him, for which indebtedness it was the duty of his father, prudential committee as aforesaid, to draw his order on the district treasurer —sec. 638—and the duty of the treasurer to pay it out of any money in the treasury not otherwise appropriated, and the right of the defendant to pay himself as he did.

Judgment affirmed.