## MINNIE L. COBB v. SCHOOL DISTRICT NO. 1 IN POMFRET.

*School district.    Prudential committee's powers.    Receipt for school register.*

1. A prudential committee can bind his school district for the expenses of a term of school which the district has not voted to maintain.

2. Under the school law of 1888 a teacher who had properly kept and returned his school register, could recover his wages, notwithstanding that the district clerk refused to give him a receipt for it, notwithstanding that No. 9, s. 192, Acts 1888, provided that no teacher should be entitled to his wages except upon the presentation of such receipt.

Assumpsit for the amount of a school district order drawn by the prudential committee of the defendant. Plea, the general issue. Trial by court at the December term, 1890, Thompson, J., presiding. Judgment for the plaintiff. Exceptions by the defendant.

The case appears in the opinion.

*W. E. Johnson,* for the defendant.

The committee is supreme in the matter of hiring a teacher. *Chittenden* v. *Waterbury,* 56 Vt. 354; *School District* v. *Harvey,* 56 Vt. 556.

But he has no authority to maintain a school without a vote of the district; and whoever deals with him is bound to know the extent of his authority.

*D. C. Denison & Son,* for the plaintiff.

The prudential committee does not derive his authority from the district, but from the statute. By that it is made his

duty to maintain a school whether the district votes it or not. *Mason* v. *School Dist.*, 20 Vt. 487 ; *School Dist.* v. *Harvey*, 56 Vt. 556 ; *Chittenden* v. *School District*, 56 Vt. 551.

The opinion of the court was delivered by

ROSS, Ch. J.    In the spring of 1889 the plaintiff was hired by the prudential committee of the defendant to teach a school in the defendant district.    She and the prudential committee acted in good faith in making the contract.    She, on her part, fully performed the contract.    This suit is to recover for her services.    At the session of the Legislature, 1888, the school year was extended three months.    Before then the school year had ended with March.    It was then extended so as to end with June, and by that act, the officers chosen for the current school year of 1888, were continued in office to the close of the extended school year.    The defendant at its annual meeting holden in March, 1888, had voted to have thirty-two weeks of school.    This number of weeks of school had been maintained before the plaintiff was hired, and the district had passed no vote authorizing the prudential committee to hire the plaintiff for the term of school taught by her.    The principal contention is, whether the prudential committee could bind the defendant to pay for the ervices of the plaintiff, without the defendant having by vote authorized the maintenance of the school.    The power and duties of the prudential committee in this respect, were not substantially changed by the revision of the school laws, by the Legislature, in 1888.    That being so, the decision of *Chittenden* v. *School Dist.*, 56 Vt. 551, determines this contention in favor of the plaintiff. In that case the plaintiff was held entitled to recover for a term of school which he had been employed by the prudential committee to teach after his official year terminated.    This term of school had not been voted or authorized by the district at the time of the employment of the plaintiff.    His employment was for three terms, only two of which would be closed within the official

Cobb v. Pomfret.

year of the committee employing him, and only two of which, at the time of his employment had been authorized by the district. At the close of the school year, a new prudential committee was chosen, who refused to allow the plaintiff to conclude his contract, made with the committee of the preceding year, unless he would consent to a modification of the contract. This the plaintiff refused to consent to, and held himself in readiness to complete the contract with the committee of the preceding year. This court held that the school district were bound by the contract of its prudential committee, although it extended beyond the official year of the committee, and the school district had neither authorized the prudential committee to enter into a contract extending beyond the official school year, nor authorized this term of school which he was employed to teach.

This is a recent decision, is supported by *Mason* v. *School District*, 20 Vt. 487 ; *Chaplin* v. *Hill*, 24 Vt. 528 ; and *School District* v. *Harvey*, 56 Vt. 556, and is conclusive in favor of the plaintiff. There are some limitations expressed in *Chittenden* v. *School District*, upon the right of the prudential committee to contract for the services of a teacher extending beyond the termination of the official life of the prudential committee. The right and power of the prudential committee to hire whom he wishes, in disregard of the vote and wishes of the voters of the school district, and to maintain a school not voted by the district is autocratic, but rarely if ever abused. The prudential committee is chosen from and by the legal voters of the district, and generally will have no desire to employ a teacher to teach a school unauthorized by the district. The danger which the Legislature has attempted to guard against, heretofore, has not arisen from an abuse of the unlimited authority conferred by it upon the prudential committee, but rather from a failure to use it, unless in accordance with the wishes of the school district, expressed by its vote at a legally warned and holden school meeting. Hence the Legislature has empowered the selectmen to establish and main--

tain a school at the expense of the district, when neither the district nor the prudential committee have done so, upon certain conditions expressed in the statute. Sections 82 and 83, of the Laws of 1888, are in legal effect a re-enactment of R. L. 515, and empower the prudential committee of a school district, not only to employ a teacher, but to take care of the school-house and grounds and to keep the same in good order, and if there is no school-house, to provide a suitable place for a school, with fuel, furniture and all necessary things. This power is conferred by the Legislature without limitation, or being placed in terms under the control of the district in any manner. He does not take his power from the district, but from the statute. He is not the agent of the district in the sense that he derives these powers from it, but rather, when duly elected by the district, the agent of the State, empowered by its statutes to accomplish a work in which the State is deeply interested, the education of all its youth, of every class and station in life, in the elementary branches, good behavior, and especially, "In the geography, and history, constitution and principles of government of Vermont." The Legislature does not seem to have apprehended that too much education of this kind could be furnished, and have therefore placed no limit upon the power of the prudential committee to furnish it at the expense of the school district electing such committee. If such danger should ever be found to exist, it will be for the Legislature rather than this court to prescribe the proper limitations. This view of the power conferred upon the prudential committee by the statute, renders of no avail the contention of the defendant that the plaintiff should have called upon the district clerk for the old school register, because she would therefrom have learned that the district had during that year maintained a school for the full number of weeks voted by the district. If she had had full knowledge of the fact, on the views expressed, it placed no limitation upon the right or power of the prudential committee to bind the district by the contract he made with her.

Nor can it be held that a school district can use only one school register during the school year. The register may be wholly filled, or lost, or be accidentally destroyed before the end of the year. The essential thing aimed at, in requiring a school register to be kept, is that a full and reliable record of the facts therein required to be daily recorded, shall be kept and furnished the proper authorities, and not that it shall be wholly kept and furnished in one book, each year. The plaintiff had, and duly kept, in all things required of her, a school register for the term of school she taught. She duly returned it to the district clerk, properly certified by her, and demanded a certificate from him to that effect. The district clerk refused to give her such a certificate, not because she had not properly kept, certified, and returned the register to him, but because he did not recognize the school kept by her as a legal school. She had done all that was required by law of her to entitle her to payment of the defendant for her services. We do not think the defendant can defeat her right of recovery by the refusal of its district clerk to give her the certificate which it was his duty to have given, and which she could have compelled him to have given by a writ of mandamus. The defendant cannot avail itself of the wrongful refusal of its officer. Section 192, of No. 9, of the acts of 1888, which provides, " And the teacher shall not be entitled to his compensation except on presentation of such certificate of the district clerk to the prudential committee," was only designed to secure the keeping and return of a school register, filled out as required by law. When this is done the right to compensation is complete so far, as it depends upon any requirement of the law, of the teacher. This section presumes that, upon such a register being returned by the teacher, the district clerk will perform the duty required by the same section of him. His wrongful refusal to discharge his legal duty cannot deprive the teacher of her right to compensation. To give such a wrongful refusal the effect of a proper refusal, which this section only presumes, would be to for-

sake the substance and give effect to the shadow of what is required by this provision of the statute. The defendant cannot be allowed to stand upon this wrongful refusal of the certificate, to which, it is found, the plaintiff was clearly entitled from the district clerk.

*The judgment is affirmed.*