FERDINAND J. LIBBY *vs.* INHABITANTS OF DOUGLAS.

Worcester.    October 2, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*School — Certificate of Committee for Teacher — Statute — Closing of School by Committee owing to Contagious Disease in Town — Action by Teacher for Salary.*

If a person employed to teach school in a town, before opening the school, met the school committee and was examined, and they authorized their chairman to sign the certificate required by Pub. Sts. c. 44, § 29, to be obtained in duplicate, one of which is to be deposited with the selectmen before any payment is made to the teacher, and the chairman then promised to give the certificate to the teacher before school should open, the facts that he did not obtain the certificate in duplicate, and that the certificate which he did get was not obtained and filed with the selectmen until two days after the school opened, will not prevent him

from recovering compensation, in an action against the town, for services rendered after so obtaining and depositing the certificate.

It is no defence to an action against a town for salary as a teacher for a certain period, that during that time the school was closed by the school committee because of the prevalence of a contagious disease in the town, if the plaintiff, who was employed to teach during the school year for a certain sum payable in monthly instalments, kept himself in readiness to resume work, at the request of the committee.

CONTRACT, upon an account annexed, to recover salary as principal of the defendant's high school for three weeks and four days, at the rate of $800 per year, during which time the school was closed. At the trial in the Superior Court, before *Gaskill*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions. The facts appear in the opinion.

. *R. B. Dodge Jr. & W. J. Taft*, for the defendant.

*J. R. Thayer & F. J. Libby*, (*A. P. Rugg* with them,) for the plaintiff.

BARKER, J. The verdict for the plaintiff involves a finding that his employment was to teach during the school year, for a compensation of $800, of which sum he was to receive $80 per month, and that while the school was suspended by the committee he stood ready to teach. This leaves two questions for decision.

1. By the provisions of Pub. Sts. c. 44, § 29, every teacher shall, before he opens school, obtain from the committee a certificate in duplicate of his qualifications, and one of these certificates shall be deposited with the selectmen before any payment is made to the teacher. The defendant contends that although before opening his school the plaintiff met the committee and was examined, and although they authorized their chairman to ·sign the certificate for them, and the chairman then promised to give the certificate to the plaintiff before school should open, he cannot recover because he did not obtain the certificate in duplicate, and because the one certificate which he did get was not obtained and filed with the selectmen until two days after the school opened.

The purpose of the requirement that the teacher shall obtain the certificate before he opens school is to make it certain that he is qualified. Only one of the duplicate certificates is to be deposited with the selectmen. The statute is silent as to what

shall be done with the other, and the provision that one shall be so deposited does not require that it shall be left with the select-men before the teacher opens his school, but before any payment is made to him.    While the committee might prevent a teacher whom they had hired from opening school before he had obtained the certificates, if they first vote to give them and then allow him to open school before he has them in hand, the facts that he never obtains the certificates in duplicate, and that he does not obtain one and deposit it with the selectmen until two days after he opens school, do not prevent him from recovering compensation for services rendered after he has obtained the certificate and has deposited it with the selectmen.    As to the time of obtaining the certificate, and as to the requirement that it shall be in duplicate, the provisions of the statute are merely directory. The committee having authorized the chairman to sign the certificate for the committee, his signature in accordance with their action made the certificate a proper one under the statute. *Paul* v. *Hartland School District*, 28 Vt. 575.    See also *Blanchard* v. *Warren School District*, 29 Vt. 433; *Wells* v. *Granby School District*, 41 Vt. 353 ; *Cobb* v. *Pomfret School District*, 63 Vt. 647.

2. Some weeks after the school had been opened it was closed for three weeks and four days by the committee, during which time the plaintiff at their request kept himself in readiness to teach, and at the end of the period resumed his work and taught during the rest of the school year.    The committee closed the school because of the prevalence of diphtheria in the town.    The defendant contends that this excuses the town from paying the teacher's salary for the time when the school was thus suspended.

Although the prevalence in the town of a contagious disease made it prudent to suspend the school, that fact is not a reason why the plaintiff should not have the compensation which had been promised him.    He stood ready to teach, and failed only because the committee thought it for the welfare of the town that the scholars should not attend.    The suspension was not caused by the illness of the scholars, but by a precautionary order of the committee.    The prevalence of the disease made the keeping open of the school unwise, but not impossible.    The

contingency was not expressly provided for in the contract, which was that the plaintiff should teach for ten months, and that the town should pay him $800.

It is no defence that he did not teach, because the failure was not due to his fault, but to the action of the committee. They might have stipulated that the teacher should have no compensation for such time as the school should be closed because of the prevalence of a contagious disease in the town. In the absence of such a stipulation the plaintiff's right to full compensation rests upon the agreement that he should be paid $800, and is not defeated by the action of the committee in closing the school, because, while the suspension was wise and prudent, the closing was not due to any cause which made it impossible for the school to be kept open, and the teacher at the request of the committee kept himself in readiness to resume his work. *Cashen* v. *Berlin School District*, 50 Vt. 30. *Dewey* v. *Alpena School District*, 43 Mich. 480. *Smith* v. *Pleasant Plains School District*, 69 Mich. 589. *Charlestown School Township* v. *Hay*, 74 Ind. 127.                    *Exceptions overruled.*