## Gladys Phelps, Appellee, v. School District No. 109, Wayne County, Illinois, Appellant.

1. SCHOOLS AND SCHOOL DISTRICTS—*when teacher entitled to salary where schools closed by board of health.* A teacher employed by a school district was entitled to compensation when prevented from teaching because of the school in question being closed by the State Board of Health during a public epidemic, she having been ready, able and willing to teach, and the district having failed in the contract of hiring to protect itself from liability in cases of this character.

2. CONTRACTS—*what is not an act of God.* The closing of a school by the State Board of Health because of a public epidemic was not an "act of God" which relieved a school district from paying the compensation of a teacher for the period during which the school was closed because of such epidemic.

Appeal from the Circuit Court of Wayne county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

MILLS & FORTH, for appellant.

HERBERT T. KERR, for appellee; CARROLL C. BOGGS, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee brought suit before a justice of the peace of Wayne county to recover for two months salary at $50 per month alleged to be due her from appellant school district. Judgment was rendered in the justice court in favor of appellee and on appeal to the circuit court said cause was heard by the court without a jury on the following stipulation of facts:

"Parties agree that plaintiff was regularly employed as a school teacher for the time for which she claims pay at a salary of $50 per month; that during two months covered by the contract the school was closed because of the influenza epidemic and was closed by order of the State Board of Health.

"Plaintiff was ready and able to teach during all of said time and made and filed schedules as provided by law; that she actually taught fourteen days, which is covered by a tender of $33 made by the defendant.

"Parties agree that the only question to be determined is whether a teacher so employed is entitled to compensation when prevented from teaching because of the school being closed because of a public epidemic while a teacher is ready, willing and able to teach. If so she is entitled to judgment for $100. If not, she is entitled to tender of $33."

The trial court found for appellee and rendered judgment against appellant for $100. To reverse said judgment this appeal is prosecuted.

It is contended by appellant that under sections 2 and 7 of chapter 111½ of Hurd's Revised Statutes (J. & A. ¶¶ 10584, 10589) the order of the State Board of Health closing appellant school made it unlawful and punishable with fine for either appellant school district to allow said school to be in operation or for appellee to conduct said school while the order of the State Board of Health closing said school remained in force, and that therefore appellee's right to recover for that period of time was taken away by operation of law. On the other hand, appellee insists that inasmuch as no provision was made in the contract of hiring for her pay to cease in the event that the State Board of Health should close said school and inasmuch as she was ready, willing and able to conduct said school and to fulfill her contract, that she should not be deprived of her salary where the school was closed without her fault, as in this case.

That part of section 2 above referred to material to the decision of this case is as follows: "The State Board of Health shall have the general supervision of the interests of the health and lives of the people of the State. They shall have supreme authority in matters of quarantine, and may declare and enforce quarantine when none exists, and may modify or

relax quarantine when it has been established."

That part of section 7 referred to material to the decision of this case is as follows: "Any person who violates or refuses to obey any rule or regulation of said State Board of Health shall be liable to a fine not to exceed $200 for each offense or imprisonment. in the county jail not exceeding six months, or both, in the discretion of the court."

The question here raised, so far as we have been able to ascertain, has never been passed upon by the Supreme or Appellate Courts of this State. However, the courts of last resort of Massachusetts, Michigan, Indiana and Utah have had similar or kindred questions before them and have in effect held that where one employed to teach a public school for a definite time is ready, willing and able to teach during that time, the fact that the school was necessarily closed part of the time by order of the Board of Health or other public and school authorities, because of a contagious disease among the pupils, does not deprive the teacher of the right to compensation, since such closing of the school is not caused by an act of God. *Libby v. Inhabitants of Douglas,* 175 Mass. 128; *School Town of Carthage v. Gray,* 10 Ind. App. 428; *Dewey v. Alpena School Dist.,* 43 Mich. 480; *McKay v. Barnett,* 21 Utah 239.

Appellant contends that these cases do not apply for the reason that the closing of the schools is not specifically provided for by law and no penalty was fixed for the violation of the closing order as is fixed by our statute. Appellant contends, quoting from page 3 of its reply brief, "that the interdiction of the law which makes the performance of a contract impossible just as effectively abrogates a contract and excuses nonperformance as 'an act of God' or of 'the public enemy.'" We do not agree with appellant's contention and are not prepared to hold that appellee would be barred of a right to recover just as effec-

tually by virtue of the closing of the school on the order of the Board of Health as she would be by an "act of God." No authorities are cited by appellant in support of its contention and we are satisfied that none can be found.

We are of the opinion, and so hold under the stipulation of facts in this case, that appellee's right of recovery for the time in question is not barred by the closing of said school on the order of the State Board of Health. Appellee under her contract was obliged to hold herself in readiness at any and all times to resume her duties as such teacher. She was not in a position to seek other employment in the interim if such employment could have been obtained. The closing of the school was not an "act of God" and if appellant school district desired to protect itself from liability in cases of this character, it should have done so in its contract of hiring. Not having done so, it is liable under its contract for the salary agreed upon for the two months in question.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

EAGLETON, J., took no part in the hearing or decision of this case.