FRANKLIN S. DEWEY v. THE UNION SCHOOL DISTRICT OF THE CITY OF ALPENA.

*Actus Dei—Effect on contract—General verdict.*

A general verdict in a case submitted to the jury on more than one point, does not show how they determined either question considered alone.

Small pox is not *actus Dei* in such a sense as to excuse a school district from liability on a contract with a teacher the performance of which the district has prevented by closing the school.

The act of God which will release one from the obligation of a contract is one which renders its performance impossible.

Error to Alpena. Submitted April 23. Decided April 30.

ASSUMPSIT.   Plaintiff brings error.

*Holmes & Carpenter* for plaintiff in error.   Performance of an express contract is not excused by inevitable accident or other unforeseen contingency, *Harmony v. Bingham* 2 Ker. 106; *Adams v. Nichols* 19 Pick. 275; 1 Chit. Cont. 67, *n*; 2 Pars. Cont. §§ 672-3; provision should have been made for it, Chit. Cont. 1074, *n.*

*Turnbull & McDonald* for defendant in error.   A contagious epidemic, like small-pox, is *actus Dei* that will excuse performance of a contract, *Wolfe v. Howes* 20 N. Y. 201; *Lakeman v. Pollard* 43 Me. 463; *Stewart v. Loring* 5 Allen 306; Bish. Cont. 623; so is sickness or death, *Harrington v. Fall River Iron Works Co.* 119 Mass. 82; *Jennings v. Lyons* 39 Wis. 553; where performance becomes impossible by reason of the non-existence of the subject matter of the contract, without default of either party, the law excuses it, *Walker v. Tucker* 70 Ill. 527; though where the duty is not one imposed by law but by the contract itself, its non-performance is not excused if provision was not made against contingencies, *Mich. Cent. R. R. v. Burrows* 34 Mich. 13; *Chic. etc. Railroad Company v. Sawyer* 69 Ill. 285; 2 Chit. Cont. 1078, notes.

GRAVES, J.   The plaintiff was regularly hired by the district to serve as teacher in its public schools for ten months for $130 per month.   He entered on his duties on the 2d of September and continued up to the 10th of December, at which time the district officers closed the schools on account·of the prevalence of small-pox in the city, and kept them closed thereafter for the same reason until the 17th of March.   They were then re-opened and the plaintiff resumed his duties.   He was subsequently hired for the next school year, and his compensation was increased $100.   The district refused to pay him for the period of suspension, and he brought this action to recover it.

43 MICH.—61.

The claim was resisted on two grounds: *First,* that on the second hiring it was mutually agreed that the addition of $100 to his compensation for incoming service should stand and be allowed and accepted in full satisfaction of all claim for pay during the time in question; and *second,* that the suspension was the effect of an overruling necessity, or in other words, the act of God, and that all parts of the contract were suspended for the time being.

The circuit judge submitted to the jury both questions in a very clear manner, and instructed them to find against the plaintiff in case they were satisfied the alleged compromise was in fact entered into; or in case they should find that the small-pox was so prevalent that it became obligatory on the board to close the schools as a necessary step to prevent the spread of the disease and save human life.

The jury returned a verdict in favor of the district. But we cannot know with legal certainty whether they determined only one of these questions in favor of the district, or whether they so determined both, and of course if one only was so decided it is impossible to say which one. The evidence on the compromise was conflicting, and as it appears in the record the advantage was with the plaintiff. Still if no other ground of defense had been laid, the verdict must have been conclusive. As just explained it is not so now.

The second objection must be briefly considered. Beyond controversy the closing of the schools was a wise and timely expedient; but the defense interposed cannot rest on that. It must appear that observance of the contract by the district was caused to be impossible by act of God. It is not enough that great difficulties were encountered, or that there existed urgent and satisfactory reasons for stopping the schools. But this is all the evidence tended to show. The contract between the parties was positive and for lawful objects. On one side school buildings and pupils were to be provided, and on the

other personal service as teacher.   The plaintiff continued ready to perform, but the district refused to open its houses and allow the attendance of pupils, and it thereby prevented performance by the plaintiff.   Admitting that the circumstances justified the officers, and yet there is no rule of justice which will entitle the district to visit its own misfortune upon the plaintiff.   He was not at fault.   He had no agency in bringing about the state of things which rendered it eminently prudent to dismiss the schools.   It was the misfortune of the district, and the district and not the plaintiff ought to bear it.

The occasion which was presented to the district was not within the principle contended for.   It was not one of absolute necessity but of strong expediency.   To let in the defense that the suspension precluded recovery the agreement must have provided for it.   But the district did not stipulate for the right to discontinue the plaintiff's pay on the judgment of its officers, however discreet and fair, that a stoppage of the schools is found a needful measure to prevent their invasion by disease, or to stay or oppose its spread or progress in the community; and the contract cannot be regarded as tacitly subject to such a condition.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.