BANK OF BENSON *vs.* OLOF T. HOVE.

December 12, 1890.

**Chattel Mortgage—Discharge by Tender—Proof Requisite.**—Where a mortgagor or his assignee claims that the lien of a chattel mortgage is discharged on account of a tender of the amount due, with interest and costs, the evidence must clearly establish an unconditional tender, sufficient in amount.

**Same—Foreclosure—Attorney's Fee, when Chargeable.**—Where a chattel mortgage stipulates for an allowance, upon foreclosure, "of an attorney's fee of ten dollars, ($10,) and such other expenses as may have been incurred," the mortgagee is not entitled to charge such fee by way of compensation for his own services, nor for the services of an attorney, unless one has actually been employed, and such expense incurred.

**Same—Latent Defect in Acknowledgment—Filing as Notice.**—A chattel mortgage is valid between the parties without acknowledgment. For the purposes of record, it must be acknowledged; but where it does not

appear from the instrument that the officer taking the acknowledgment is legally disqualified by reason of his interest in the estate or property mortgaged, the instrument may properly be received for record, and such record will be notice to subsequent creditors and mortgagees.

Replevin, brought in the district court for Swift county, for a horse of the value of $100, plaintiff claiming under a senior, and defendant under a junior, mortgage from one Holzheimer. At the trial, before *Powers, J.,* the plaintiff had a verdict. The defendant appeals from an order refusing a new trial.

*E. T. Young,* for appellant.

*Foland & McCune* and *Frank M. Thornton,* for respondent.

VANDERBURGH, J. The horse in controversy here is claimed by the plaintiff under a chattel mortgage, which, it is alleged, covered the same, and other personal property. The rest of the property included therein had been, prior to this action, taken and sold, and the net proceeds applied on the mortgage debt, leaving a balance still due. The defendant admits that the balance due was the sum of $51.65, while the plaintiff claims to be entitled to deduct $10 from the proceeds of the sale, under the stipulation in the mortgage allowing him an attorney's fee to that amount, which the defendant is unwilling to concede. At the time of the commencement of this action, the horse was in the possession of the defendant, who had taken it upon a second mortgage, and, it seems, was delivered to the plaintiff in proceedings for the claim and delivery thereof in this action. It is admitted that after this action was brought, and before answer, the defendant tendered to the plaintiff the sum of $52.55 in satisfaction of his demand, but the tender was not kept good, and the money is not brought into court. The plaintiff alleges in his reply that the tender was made after the horse had been sold under foreclosure proceedings upon his mortgage, but this is not shown.

1. The evidence was sufficient to justify the finding of the jury that the horse in controversy was included in the description in the plaintiff's mortgage. The verdict is not, however, necessarily inconsistent with the claim of the defendant that the same horse was also described in his mortgage, and was properly identified on the trial.

2. It is claimed by the defendant that the effect of the tender was

to discharge the lien of the plaintiff's mortgage, and was, therefore, a bar to his recovery in the action.   To effect this result, it must be made very clearly to appear that a sum sufficient to cover the whole amount due, together with costs, was absolutely and unconditionally tendered.   The evidence tends to show that the plaintiff demanded the possession of the horse from defendant; that, upon his refusal to deliver it up, this action of replevin was brought, and the animal delivered to the plaintiff by the sheriff.   It is sufficiently clear that there were some expenses incurred, including the fees of the sheriff, which were not included in the sum tendered.   As the defendant is invoking the application of the harsh rule of a discharge of the mortgage without keeping the tender good, he must be held to strict proof of the tender.   We think the evidence insufficient to establish it.   *Tuthill* v. *Morris*, 81 N. Y. 94; *Moore* v. *Norman*, 43 Minn. 428, (45 N. W. Rep. 859.)   This renders it unnecessary to consider the further point made that, under the circumstances of this case,—that is, after suit brought and a delivery of the property to the plaintiff therein,—it was necessary to keep the tender good in order to defeat plaintiff's action and secure a return of the property to the defendant.

3. It is stipulated in the mortgage that the mortgagee may retain, out of the proceeds of the sale upon foreclosure, "an attorney's fee of $10, and such other expenses as may have been incurred, returning the surplus money, if any, to the mortgagor."   Under this stipulation, the mortgagee is not entitled to charge such fee by way of compensation for his own services, nor for the services of an attorney unless the expense is actually incurred therefor; and the plaintiff has not shown, either by his pleading or his evidence, that such expense was incurred in and about the foreclosure.   He could not, therefore, deduct the $10 fee, as claimed by him, from the proceeds of the sale of the property first taken.   2 Jones, Mortg. § 1923; *Soles* v. *Sheppard*, 99 Ill. 616; *Bank of Woodland* v. *Treadwell*, 55 Cal. 379; *Myer* v. *Hart*, 40 Mich. 517.

4. The defendant makes the further point that the mortgage was not entitled to be filed for record, and that the record was not notice to subsequent mortgagees, because the acknowledgment was taken

before a notary who is shown to have been a stockholder of the plaintiff bank, and was also the cashier thereof. The statute provides that no mortgage of goods or chattels shall be notice of any fact, as against the creditors of the mortgagor, or subsequent purchasers or mortgagees in good faith, unless the same is acknowledged before some officer authorized to take the acknowledgment of deeds. The question of the validity or sufficiency of an acknowledgment is to be considered, *first*, as between the parties to the instrument; and, *secondly*, as to subsequent purchasers and mortgagees, who are chargeable with constructive notice by the record. Undoubtedly, the policy of the law forbids that the acknowledgment should be taken before a party to the deed or one who takes an interest under it, whether as grantee, mortgagee, partner, or trustee; and, when such interest appears on the face of the instrument, the record will disclose the infirmity, and third parties can take advantage of it. Taking proof or acknowledgment of the execution of a deed is an act ministerial in its character. It may be done by an agent or attorney, or by a person related to the parties. *Lynch* v. *Livingston*, 6 N. Y. 422. A bank cashier may take the acknowledgment of an instrument running to the bank; and, since the corporation is an entirely distinct entity, it is argued that a stockholder should not be deemed to have any such interest in the deed as to invalidate his official act as a notary. The opposing argument is based on grounds of public policy. But the question is not really involved in this case, for the mortgage was valid as between the parties to it, without an acknowledgment; and as to the defendant, a subsequent mortgagee, the record was notice, because an instrument so acknowledged, not disclosing the alleged disqualification of the notary, would be entitled to record and be notice to him, so that he was bound by it. Any other rule would destroy the reliability of the public records, and lead to most mischievous results. The doctrine appears to be well settled. *Stevens* v. *Hampton*, 46 Mo. 404; *Heilbrun* v. *Hammond*, 13 Hun, 474, 480; *Titus* v. *Johnson*, 50 Tex. 224; *Nat. Bank of Fredericksburg* v. *Conway*, 1 Hughes, (U. S. Cir. Ct.,) 37; *Dussaume* v. *Burnett*, 5 Iowa, 95, 103; Webb, Record Title, §§ 65, 67.

5. As the action was for the recovery of the specific personal prop-

erty, which had been delivered to the plaintiff, the verdict, in form for the plaintiff, without finding its value or the value of plaintiff's interest therein, was proper.

. Order affirmed.