## ELLA M. MOORE *vs.* H. G. NORMAN.

Submitted on briefs Nov. 21, 1892.　Decided Dec. 27, 1892.

**Tender with a Condition is not Good.**

A tender by a debtor to a creditor (who in good faith asserts that the amount tendered is insufficient) is not good as a tender if it be coupled with such conditions that the acceptance of the same will involve an admission by the creditor that no more is due.

**Such a Tender will not Discharge the Security.**

In such a case a tender by the maker to the payee of promissory notes, (the same being mature, and still held by the payee,) coupled with a demand for the surrender of the notes, *held* not effectual as a tender, so as to discharge a chattel mortgage securing the notes.

**A Debtor's Direction to his Agent to Pay is not Payment.**

A direction by the maker of the notes, to one acting as his agent, to apply money in his hands to the payment of the notes, which notes such agent then held as the agent for the payee, does not, of itself, constitute or have the effect of such an application of the money.

Appeal by plaintiff, Ella M. Moore, from an order of the District Court of Jackson county, *P. E. Brown,* J., made June 4, 1892, denying her motion for a new trial.

The defendant, H. G. Norman, borrowed of plaintiff $91, March 16, 1887, payable July 1, 1887, with interest at the rate of ten per cent. a year.　He also borrowed of plaintiff $110 March 23, 1887, payable June 1, 1887, with interest at the same rate.　The first loan was secured by a mortgage on four cows and three calves; the second by a mortgage on two horses.　George R. Moore was plaintiff's agent, and made the loans for her.　On April 2, 1887, defendant sold some personal property at auction, including the calves and one cow so mortgaged.　He got George R. Moore to attend the auction sale and ·keep the accounts and receive the money.　After the auction sale was over there remained in George R. Moore's hands $54, belonging to defendant, which he testified he told George to apply on plaintiff's notes.　But George denies this, and says he applied it, with defendant's consent, upon a book account he had against him. Defendant made several small payments on these notes, and on

September 29, 1887, he tendered $115 in full of the balance, on condition that plaintiff deliver up his notes. Plaintiff offered to take the money and indorse it on the notes, but claimed this was not the full amount due, and declined to give up the notes. The application of the $54 was the matter in dispute between them.

The plaintiff then demanded the horses and cows, claiming them under the two chattel mortgages. Being refused she brought this action of replevin, and obtained possession and sold the property under the power in the mortgages. Defendant answered that the notes were usurious, and that he had tendered her the balance her due, and thereby the mortgages were paid and extinguished. On the first trial plaintiff had a verdict, a new trial was refused, and defendant appealed. This court reversed the order, holding it not necessary to keep the tender good in order to discharge the mortgages. *Moore* v. *Norman*, 43 Minn. 428. At the second trial, on June 6, 1891, the judge charged the jury that if defendant tendered money sufficient to pay the balance due on the two notes and mortgages, he had a right to couple with the offer a demand for his notes. To this instruction plaintiff excepted. The jury returned a verdict for defendant and found the value of the property to be $250, and the damages he sustained by the taking and withholding of it, to be $50. They also found specially that the tender was sufficient to pay the balance then due on the two notes, but found there was no usury in the transaction. Plaintiff moved the court to grant her a new trial; being denied, she appeals.

*Thomas J. Knox*, for appellant.

As to what shall constitute a sufficient tender, there may perhaps be some want of harmony in the decided cases, but I think the rule is well established that the tender must be unconditional, and while some of the cases hold that the party making the tender has a right to demand his note, or even in some cases a satisfaction of a mortgage, it will be found that in all such cases there was no dispute as to the amount that was due, and where there is such dispute as to the amount, the rule ought to be, and I believe is, that the debtor cannot rightfully demand his note or evidence of debt. For the

creditor to give up this evidence of debt is to yield the very point in dispute and place himself in a position where he will be without a remedy to enforce his right. *Bowen* v. *Owen*, 11 Q. B. 130; *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165; *Noyes* v. *Wyckoff*, 114 N. Y. 204; *Moore* v. *Norman*, 43 Minn. 428.

*George W. Wilson*, for respondent.

The charge of the court was correct; defendant had the right to couple his tender with a demand for his notes. *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165; *Bailey* v. *Buchanan County*, 115 N. Y. 297; *Noyes* v. *Wyckoff*, 114 N. Y. 204.

Dickinson, J. The defendant, to secure two promissory notes executed by him to the plaintiff, mortgaged certain personal property to her. She prosecutes this action to recover possession of a part of the mortgaged property by virtue of her rights as such mortgagee. A former appeal in this action is reported in 43 Minn. 428, (45 N. W. Rep. 857.) The only issue to which reference is now necessary is as to whether certain payments and a tender of payment made by the defendant were sufficient and effectual to discharge the mortgages. The whole transaction on the part of the plaintiff was conducted by one George R. Moore, who was her general agent.

Long after the maturity of the notes the defendant made a tender of payment to the plaintiff, which on his part is claimed to have been sufficient in amount, with payments which had been previously made, to complete the payment of the debt, and hence to discharge the mortgages. *Moore* v. *Norman*, 43 Minn. 428, (45 N. W. Rep. 857.) The plaintiff, however, then claimed that the amount tendered was not sufficient to pay the debt; and whether it was so or not was one of the issues in this case, in respect to which the plaintiff's contention, that the amount was insufficient, was supported by evidence which would have sustained a verdict in her favor. The evidence tended to show that the tender was accompanied by a demand that the notes be surrendered; that such surrender was refused, a larger sum being claimed to be due; but

that the plaintiff (by her agent, who held the notes) offered to receive the money tendered, and indorse it on the notes, which offer the defendant refused to accept. The court, at the request of the defendant, charged the jury to the effect that if the amount tendered was sufficient the defendant had a right to demand the surrender of his notes. This constitutes one of the errors assigned. We think, as applied to the circumstances of this case, this instruction was erroneous.

It may be stated as a general proposition, applicable at least where it appears that a larger sum than that tendered is in good faith claimed to be due, that the tender is not effectual as such if it be coupled with such conditions that the acceptance of it, as tendered, will involve an admission by the party accepting it that no more is due. Leake, Cont. 865, 866; Add. Cont. (9th Ed.) 153; 2 Chit. Cont. 1194; *Bowen* v. *Owen,* 11 Q. B. 130; *Finch* v. *Miller,* 5 C. B. 428; *Evans* v. *Judkins,* 4 Camp. 156; *Foord* v. *Noll,* 2 Dowl. (N. S.) 617; *Thayer* v. *Brackett,* 12 Mass. 450; *Wood* v. *Hitchcock,* 20 Wend. 47; *Noyes* v. *Wyckoff,* 114 N. Y. 204, (21 N. E. Rep. 158;) *Holton* v. *Brown,* 18 Vt. 224. See, further, in support of the general rule that a tender, to be effectual, must be absolute and unconditional, *Moore* v. *Norman,* 43 Minn. 428, 434, (45 N. W. Rep. 857;) *Bank of Benson* v. *Hove,* 45 Minn. 40, 42, (47 N. W. Rep. 449;) *Balme* v. *Wambaugh,* 16 Minn. 116, (Gil. 106.) The most common and familiar illustrations of the proposition above stated are cases where the tender is made as being all that is due, or as payment in full. It is everywhere held that such a tender is not good. The debtor has no right to the benefit of a tender, as having the effect of a payment, when it is burdened with such a condition that the creditor cannot accept the money without compromising his legal right to recover the further sum which he claims to be due. This case falls within the same principle. By offering to pay the money only upon the condition that the plaintiff deliver up the notes, (if such was the fact,) the defendant insisted upon a condition the acceptance of which would at least seriously compromise the right of the plaintiff to recover any more, even though it should be true that the amount unpaid exceeded the sum tendered. The acceptance of the money and

the surrender of the notes would be at least strong evidence against her, in the nature of an admission, that the notes were thereby fully paid. The defendant should not be heard to assert that a mere offer to pay a specified sum, less than was supposed by the other party to be due, has the effect of a payment, so as to discharge the mortgage, when the offer was burdened with such a condition. It was enough for his protection that the plaintiff would have received the money offered and have indorsed its payment on the notes, which were already overdue and still in the hands of the plaintiff. If the defendant rejected this offer, and insisted upon the surrender of the notes, the natural and only reasonable construction to be put upon his conduct was that he insisted that the tender, if accepted, should be accepted as payment of the notes in full. If that was the effect of the tender, it was bad, under all the authorities. A mere tender should not be effectual to discharge the lien of a mortgage unless it be certainly sufficient in amount, and unburdened with any conditions which the debtor has not a clear right to impose. See *Moore* v. *Norman* and *Bank of Benson* v. *Hove, supra*. A new trial must be granted for the reason above stated.

We will refer to another matter, by way of caution.

While George R. Moore was the general agent of the plaintiff, there was evidence tending to show (although this is a matter of controversy) that on a certain occasion, when some property of the defendant was sold, he acted as an agent of the defendant, and as such agent received the proceeds of the sale. If such was the fact a mere direction by the defendant to him to apply on the plaintiff's notes the money which he (Moore) had received and held as the agent of the defendant would not, in itself, constitute, or be legally equivalent to, such an application of the money. If the defendant's agent disobeyed such instructions, and applied the money to his own use, the plaintiff would not be affected thereby, unless the circumstances were such that it could be considered that in behalf of the plaintiff, as her agent, he consented to apply the money as a payment on her notes. Such consent need not be express. If the defendant engaged Moore to be present at the sale, to receive the proceeds of sales made, and to apply the same on the plaintiff's

notes, it might be inferred, in the absence of any dissent by Moore, that he acquiesced in this, and hence that, when he received the money, he received it as the agent of the plaintiff, even though, for some other purposes connected with the sale, he might have acted as the agent of the defendant. Of course, if the money was received by him as her agent, it was as though it had been received by her personally.

Order reversed.

(Opinion published 53 N. W. Rep. 809.)