1,259.

## School Town of Carthage v. Gray.

Contract.—*School.*—*Closing on Account of Contagious Disease.*—*Pay of Teacher.*—*Act of God.*—Where a school town contracts with a teacher for a certain number of weeks of service, and, before the expiration of the term, closes the school upon order of the county board of health because of the prevalence of diphtheria, it is liable for the teacher's salary for the time the school is closed. the non-performance of the contract not being due to an act of God.

From the Rush Circuit Court.

W. J. *Henley* and L. D. *Guffin*, for appellant.

D. S. *Morgan*, D. *Morris*, and G. W. *Morgan*, for appellee.

Reinhard, J.—The appellee brought this action against the appellant, and recovered a judgment for a balance of $47.50, alleged to be due her on a contract in writing, in which the appellee agreed to teach school for the appellant for 32 weeks, of five days each, for which the appellant promised to pay her $1.87½ per day, commencing on the 12th day of September, 1893.

It is averred in the complaint, that the appellee was duly licensed to teach; that she had made all the reports required by said contract and by the law to be made, and had in all things complied with the terms of her contract; that she began to teach said school on the 12th day of September, 1893, and taught for seven months, or twenty-eight weeks; that thereupon appellant closed the schoolhouse and refused to let appellee teach for the remainder of said time, to wit, one month, or four weeks; that said action of appellant was without any excuse; that appellee was ready and willing, and demanded the privilege of teaching the remainder of said term, but was denied said privilege, and that appellant has failed and

refused to pay appellee her wages for said last month, or four weeks, which remains due and unpaid; that during this time she endeavored to secure other employment but could not, and did not earn anything.

The appellant answered, admitting the execution of the contract sued on, but averred that on the 6th day of March, 1893, the secretary of the county board of health notified the appellant, in writing, to close said school in order to prevent an epidemic and contagious disease, and to preserve the public health; that at the time said school-house was and remained closed a contagious disease, viz., diphtheria, was prevalent among the pupils of the school; that thereupon the trustees, acting for appellant, closed said school on the 6th day of March, 1893, and under said order it remained closed until the close of the term for which appellee was employed; that said school was not closed at any other time and for any other cause during the term of such contract; that appellee was deprived of employment under said contract without any fault of appellant, but by order of the proper health officer, as hereinbefore set out.

The court overruled a demurrer to the complaint and sustained a demurrer to the answer, as not constituting a defense to the action. The appellant refused to plead further, and elected to stand upon the ruling of the court on the demurrers to the complaint and answer, and the court rendered judgment for the appellee.

The question thus presented is a simple one: Was the appellee, under the facts pleaded, entitled to recover for the time she was not actually engaged in teaching the school?

It was held by the Supreme Court, in *Charlestown School Township* v. *Hay*, 74 Ind. 127, that under a contract, such as the one before us, the teacher is entitled to recover compensation for every day covered by the term

provided for in the contract, and is not confined to the days in which she actually taught the school, if the failure to conduct the school each day of the term was caused by the wrongful act or omission of the authorities.

It is not claimed, in the present case, that the appellee's failure to teach the whole number of days was occasioned by the fault of the appellant; nor, on the other hand, is it insisted that it was caused by any fault of the appellee. But the contention of the appellant is that the act of closing the school was made imperatively necessary by the order of the secretary of the county board of health, which order the appellant was in duty bound to obey; and, further, that if such order had not been made the contagious disease mentioned, which was an act of God, justified said act of closing, and excuses the appellant in the nonperformance of its part of the contract.

It is the general rule that when the performance of a contract becomes impossible on account of an act of God, the nonperformance is excused and no damages can be recovered therefor. 2 Parsons Contracts (8th ed.), 786–789.

But it is often a difficult question to determine when such failure to perform was caused by an act of God, as mere hardship or great difficulty will not suffice.

The precise question now under consideration was decided by the Supreme Court of Michigan in the case of *Dewey* v. *Union School District, etc.*, 43 Mich. 480. In that case the plaintiff had been regularly employed as a teacher in the public schools for ten months, at $130 per month. He taught the school from the 2d day of September up to the 10th day of December, when the school officers closed the school on account of the prevalence of smallpox in the city, and kept them closed until the 17th of March, at which time they were reopened, and the

plaintiff resumed his duties. The district refused to pay for the period of suspension, and the teacher brought his action to recover it. It was claimed, among other defenses, that the suspension was owing to the act of God, and that consequently all parts of the contract were suspended for the time being. The court decided, however, that the position was not tenable.

In the course of the opinion, Graves, J., speaking for the court, said: "Beyond controversy the closing of the schools was a wise and timely expedient; but the defense interposed can not rest on that. It must appear that observance of the contract by the district was caused to be impossible by act of God. It is not enough that great difficulties were encountered, or that there existed urgent and satisfactory reasons for stopping the schools. But this is all the evidence tended to show. The contract between the parties was positive and for lawful objects. On one side school buildings and pupils were to be provided, and on the other, personal service as teacher. The plaintiff continued ready to perform, but the district refused to open its houses and allow the attendance of pupils, and it thereby prevented performance by the plaintiff. Admitting that the circumstances justified the officers, and yet there is no rule of justice which will entitle the district to visit its own misfortune upon the plaintiff. He was not at fault. He had no agency in bringing about the state of things which rendered it eminently prudent to dismiss the schools. It was the misfortune of the district, and the district—and not the plaintiff—ought to bear it."

It seems to us that if this case is well considered (and we think it is) that it can make no difference whether the order was made by the school authorities themselves or by the board of health. In either case it will be presumed that it has been properly made, until the con-

trary appears. But the closing of a school by the order of a school board or a board of health is not the act of God, however prudent and necessary it may have been to make such order. It was one of the contingencies which might have been provided against by the contract, but was not. It was the misfortune of the appellant, and if the appellee was present, ready and willing to teach the school (which is alleged in the complaint and not denied in the answer), the fact that no pupils were provided her by the school board will not deprive her of recovering her wages under the contract. There is no averment that she was discharged for the term as soon as the order was made to close the school. Such could not have been the case, for the contagion might have terminated at any time, and the school opened again, and if then the appellee had not been present to teach the same, there might have been a liability on her part for damages for breach of the contract. There is nothing to show that she was not bound to hold herself in readiness to teach whenever called upon to resume her duties. Under the contract, her compensation was not confined to the actual number of days taught in the term, unless the omission occurred through her fault or through some cause for which she should be held responsible. See *Charlestown School Township* v. *Hay, supra.*

Besides, it is not made to appear by the answer, that the days lost on account of the order of the board of health, or the prevailing contagion, could not have been properly and conveniently made up after the close of the term. There is no averment that the contagion still prevailed at the close of the term, or that the order of the health board continued in force thereafter. The custom of allowing teachers in the public schools to do this has grown to be such a common one that courts are

bound to take judicial notice of the same. There is nothing in the contract before us which requires the teaching to be done on consecutive days, and for aught that appears, the term may be extended a reasonable number of days, when necessary, until the contract has been fulfilled.

For these reasons we think the court correctly sustained the demurrer and rendered judgment for the appellee.

Judgment affirmed.

Filed June 20, 1894.