D. H. RANDOLPH v. ERNESTINE SANDERS.

Decided December 13, 1899.

**Public Schools—Contract with Teacher—Suspension of Schools.**

Where, on account of smallpox, the public schools of a city were temporarily suspended and a teacher was notified to hold herself in readiness to resume work, which might occur any day, she was entitled to her salary for the lost time, although the suspension lasted three months, although the contract with her provided that she should receive her monthly warrants for salary at the end of each month "after the services for such month shall have been performed," and reserved to the city board the right to cancel the contract and close the school at any time.

APPEAL from Webb. Tried below before Hon. A. L. MCLANE.

*W. W. Herron* and *J. A. Buckler,* for appellant.

*Denman, Franklin, Cobbs & McGown,* for appellee.

JAMES, CHIEF JUSTICE.—The judgment of the District Court was a peremptory mandamus to appellant, city treasurer of Laredo, Texas, commanding him to pay appellee the amount of a warrant for $210 for services as school teacher for three months out of the school funds in

his hands apportioned to said city for the scholastic year beginning in September, 1898, upon presentation of same.

The court sustained demurrers to appellant's answer, and the latter elected not to amend. The answer set up that during the months of January, February, and March, 1899, there existed in Laredo an epidemic of smallpox, and in consequence thereof the schools were closed during said months; that relator performed no service during said months; that she was entitled to no compensation for said period by reason of the terms of her contract with the board, because it was provided in the contract that she should "receive monthly at the end of each and every scholastic month after the services for such shall have been performed the sum of $75 (a copy of the contract being annexed to the answer), and she rendered no service whatever for said months for which the warrant held by her had been issued; that such warrant was drawn and issued in violation of section 10 of the city ordinances, in that said ordinances provide that before drawing any warrant "the mayor shall inspect the pay-roll for the public schools of the city and be satisfied that the services were rendered and the salary due," and that these were the reasons of the treasurer for not paying the warrant.

It was alleged in the petition that the control of the schools in the city had been assumed by the city, and was vested in its council, and was exercised under an ordinance of June 20, 1887, providing among other things as follows:

"Section 1. That the immediate management and control of the public schools of the city of Laredo shall be intrusted to a committee of three aldermen, which committee shall be styled 'the executive school board,' and shall be appointed by the mayor at the first regular meeting in May of each year, or as soon thereafter as practicable.

"Sec. 2. That the executive school board shall have the management and control of the public schools of the city; they shall employ teachers; have charge of the schoolhouses provided for the schools of the city and all school furniture; they shall provide the necessary furniture for the public schoolhouses of the city and for the contingent expenses of the schools; they shall visit the public schools of the city at least once a month and inspect the management of the same, and shall prescribe the rules and regulations for the government of the schools and for proper discipline; and shall do and prescribe any and all things not particularly set forth herein which shall pertain to the proper management and the improvement of the public schools of the city.

"Sec. 5. The scholastic year shall begin the first Monday of September in each year and shall continue during forty weeks, if there be sufficient fund to carry the schools for such a time, provided the city council may for good reasons postpone the beginning of the scholastic year not later than the first Monday in October and end the same within a shorter period than forty weeks.

"Sec. 10. All contracts with teachers shall be in writing, according to form prescribed by the executive school board; and teachers shall be

paid monthly by the city treasurer on a warrant drawn by the mayor,. attested by the city secretary, and before drawing such warrant the mayor shall inspect the monthly pay-roll for the public schools of the city and be satisfied that the services were rendered and that the salary is due.

"Sec. 11. The executive school board shall cause all contracts with teachers to be signed in duplicate, retaining one copy, and shall cause the same to be filed with the city secretary."

The contract of employment was as follows:

"*The State of Texas, County of Webb.*—Know all men by these presents, that this agreement this day entered into between the executive school board of the city of Laredo, in the county of Webb and State of Texas, party of the first part, and Miss Ernestine Sanders, party of the second part, witnesseth:

"That the said Ernestine Sanders, holding a certificate of the grade,. issued upon the recommendation of the board of examiners of said city, or upon the certificate or diploma from the State Normal School, has agreed and does hereby agree with the said executive school board to teach in the public school of said city for the scholastic year beginning on the 19th day of September, 1898, and ending on the ―― day of ――――, 1899, under such regulations as are or may be prescribed by the proper authority; and the said Ernestine Sanders hereby agrees and promises to perform such duties as may be lawfully required, and to devote herself during such employment unreservedly to the advancement of the pupils under her charge and to the general improvement of the schools of the city. It is also stipulated and agreed that the said executive school board may cancel this contract and close the school to be taught by the said Ernestine Sanders whenever and wherever the average daily attendance of the pupils of said school shall be less than twenty during any scholastic month, and whenever the said Ernestine Sanders shall, in the opinion of the executive school board, neglect, fail, or refuse to perform or discharge any duty incumbent upon her as such teacher in said public free schools.

"In consideration of the above premises, the executive school board has agreed and does hereby agree that said Ernestine Sanders shall receive monthly, at the end of each and every scholastic month after the services for such month shall have been performed, the sum of seventy-five dollars. In witness whereof this agreement is signed this 16th day of September, 1898. The school board reserves the right to shorten the scholastic term and cancel this contract accordingly.

　　　　　　　　　"Teacher:　(MISS) ERNESTINE SANDERS.

"Executive School Board: ⎰ EUG. CHRISTEN,
　　　　　　　　　　　　　　⎱ ELISO OCHOA."
　　　　　　　　　　　　　　　C. G. BREWSTER,

The petition further alleged that plaintiff entered upon her duties as teacher September 19, 1898, and so continued, receiving from the mayor·

her monthly warrants, which were paid by respondent prior to January, 1899; that the mayor on April 8, 1899, issued her a warrant for the three months ending on that day, being the full sum due her for those months, less 5 per cent per month which she had previously agreed with the executive board to deduct, which warrant the respondent refused to pay, it being the warrant in question; and that defendant has sufficient money of the proper fund on hand applicable to this warrant to pay the same. That she is informed that the ground upon which payment is refused is that plaintiff did not in fact render service during the time covered by the warrant, and in respect to this she alleges that on or about January 6, 1899, the public schools of the city were closed temporarily for about two weeks by the city authorities and the health officers, as a matter of expediency, on account of the existence in the city of numerous cases of smallpox, and as a measure of precaution to prevent the spread of the disease; that the reopening of said schools was further temporarily postponed by authority of the city council and health officers of the State, city, and county because of the continued prevalence of said disease, and said schools were not reopened during the period of three months, and not until about May 15, 1899; that plaintiff was not consulted as to the closing of the schools as aforesaid, but was informed and required by the executive school board that she should hold herself ready to resume her duties under said contract as soon as the health authorities would permit the schools to be opened, and the executive council should so direct; that plaintiff accordingly held herself ready at all times up to May 15, 1899, to resume her duties, and was ready and offered to do so then, but was prevented therein by the city council acting through its executive board, such action being a repudiation of plaintiff's contract for this: A new executive school board was appointed under section 1 of said ordinance, which board prepared a new contract and demanded that plaintiff sign same and waive all right to compensation under said old contract, and informed plaintiff that she would not be permitted to teach any longer unless she accepted the terms so proposed and signed the new contract, which plaintiff declined to do. A copy of this proposed contract she annexed to her petition.

The answer does not deny and therefore admits (this being a mandamus proceeding,—Pearsall v. Woods, 50 Southwestern Reporter, 961), the temporary nature of the closing of the schools, the retention of plaintiff as a teacher, and the requirement of her that she remain in readiness to resume work at any time she might be called upon, and that she remained ready. In view of this we are of opinion that it can not be said that the schools were closed or the term shortened in the sense of the contract. Nor that it can be said that plaintiff did not render service as contemplated by the contract. Had the act of closing of the schools been intended as permanent, on January 6, 1899, or at any date afterward, plaintiff's right to compensation after such time would probably not have existed. But the schools were never discontinued, only suspended temporarily, and were liable to open at any time. Plaintiff was notified that

she was to be ready to work when the schools resumed, and this might have occurred any day. There was no dereliction or fault on her part in any respect. Had the schools been closed permanently, she would have been able to seek other employment, but as it was, she was held as a teacher under her contract, and the city can not, in justice, claim that her time, so spent, was not in the actual service of the schools. Under the circumstances we think the warrant was in conformity with the ordinance requiring that the services be rendered, and the salary due, for which it should issue. Dewey v. School Dist., 43 Mich., 480; Gear v. Gray, 37 N. E. Rep., 1059.

The writ was properly awarded, and the judgment is affirmed.

*Affirmed.*