SAM J. SMITH, *Appellant,* v. SCHOOL DISTRICT NO. 64,
*Appellee.*

No. 17,912.

SYLLABUS BY THE COURT.

1. TENDER—*Must be Unconditional.* To constitute a sufficient
tender it must be unconditional. Where a larger sum than
that tendered is in good faith claimed to be due the tender
is ineffectual as such if its acceptance involves the admission
that no more is due.

2. SCHOOL TEACHER—*Board Ordered School Closed—Teacher Entitled to Salary for Full Term.* A district board ordered school
closed a month earlier than the contract with the teacher
provided for, on the ground that it was getting late and the
older boys were needed for farm work. *Held,* that the teacher
was entitled to recover his salary for the full term.

3. ———— *Same.* A teacher whose contract with the board makes
no provision for deduction in compensation during times
when school is closed, and who stands ready to teach and is
prevented from teaching only because the board orders the
school closed on account of the prevalence of a contagious
disease in the community, is entitled to recover the compensation agreed upon.

Appeal from Marion district court. Opinion filed
April 12, 1913. Reversed.

*D. W. Wheeler,* of Marion, for the appellant.

*W. H. Carpenter,* of Marion, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff, who is appellant, was
employed to teach school at a salary of $55 per month.
The action is to recover for two months' salary. A
copy of the written contract between the board and
the plaintiff was attached to the petition, and it was
alleged that plaintiff had been able, ready and willing
at all times to perform his part of the contract and
had performed the same; and that the board had failed

15—89 KAN.

to pay two months of the salary agreed upon. The answer set up a general denial and a further defense, admitting the execution of the written contract for a seven-months school, but alleging that the plaintiff had failed to teach two months of the term. On the trial, which was to the court, it was shown by the plaintiff's testimony that the school opened September 26, 1910, and continued until February 9, when it was closed by order of the board on account of sickness among the scholars. It reopened March 14, and continued until April 11, at which time, over appellant's objections, the board ordered the term finally closed on the ground that it was getting late and that a good many of the boys were needed for farm work. It appeared that plaintiff was ready and willing to complete the full term and had been paid for five months only. In his testimony he admitted, in substance, that the board was willing to pay him for the sixth month, and the court intimated an intention to hold that he was only entitled to pay for one month; and that as he had been tendered an order for that month and refused to accept it the costs should be taxed against him. He was then recalled for further examination as follows:

Direct examination:

"Q. Mr. Smith, did the school board ever write out and tender you an order for your wages, hand you, or offer to hand you, an order for it? A. They never handed me any, but, when I handed the books in, Mr. Kennard had his pencil in his hand and acted as though he would give an order for $55.00 for the sixth month.

"Q. He never actually wrote an order? A. He did not."

Cross-examination:

"He took his pencil and started to write out the order, and you told him not to do it, and you said you would n't accept it? A. No, sir; he did n't start to write it out, any more than he had the pencil in his hand and raised from the chair.

"Q. You told him you would n't accept an order for $55.00? A. I told him that would n't pay it.

"Q. And that you would n't accept it, did n't you? A. Yes, sir; I would n't accept that as complete pay, because it was n't.

"By the court: Judgment will be for the defendant upon the District Board depositing in the hands of the clerk an order for one month's wages, and the costs adjudged against the plaintiff."

From the judgment plaintiff appeals.

There is a motion to dismiss the appeal on the ground that the amount in controversy is less than $100. The contention is, that there was a tender of salary for the sixth month, a refusal to accept it, an order for the defendant to pay the amount into court, and that therefore the only controversy is over the salary claimed to be due for the seventh month. The plaintiff, however, sued for $110. No judgment was rendered in his favor. On the contrary, the judgment was for the defendant. The amount involved in the appeal is the full sum sued for and claimed to be due.

If it is conceded that the evidence shows an offer to give appellant an order for one month's salary it was not a tender which could have the legal effect which the court gave to it, for the reason that it was conditional upon the appellant accepting it in full payment of the amount due. All the offer that was made was to give an order for one month's salary as full payment. A conditional tender is not valid. Where it appears that a larger sum than that tendered is claimed to be due the offer is not effectual as a tender if it be coupled with such conditions that the acceptance of it as tendered involves an admission on the part of the person accepting it that no more is due. (*Moore v. Norman,* 52 Minn. 83, 53 N. W. 809, 38 Am. St. Rep. 526 and note, p. 529; 38 Cyc. 152, and cases cited in notes on pp. 152, 153.) · The petition might have recited the facts more fully by stating that the board closed the school and prevented him from completing the term; but the averment that he was ready, able and willing at all times to perform his part and had performed the

same could in no manner have misled the board. Giving the petition the liberal construction to which it is entitled, in the absence of any other attack except an objection to the admission of testimony relating to the action of the board in closing the school, we think that the variance between the statements of the petition and the proof should be deemed immaterial. The code (§ 134) requires this except where it appears that the adverse party has actually been misled to his prejudice.

It must be obvious that the board could not avoid liability for payment of the salary for the full term by arbitrarily closing the school a month earlier than the contract provided; and, that since there was no express stipulation for a deduction from the compensation agreed upon by reason of the closing of the school during the prevalence of a contagious disease in the community, the plaintiff was entitled to his salary for that month. (*McKay v. Barnett*, 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371; *School Town of Carthage v. Gray*, 10 Ind. App. 428, 37 N. E. 1059; *Libby v. Douglass*, 175 Mass. 128, 55 N. E. 808; 35 Cyc. 1099; 25 A. & E. Encycl. of L. 16.)

In the opinion in the case last cited the court used this language:

"The committee closed the school because of the prevalence of diphtheria in the town. The defendant contends that this excuses the town from paying the teacher's salary for the time when the school was thus suspended. Although the prevalence in the town of a contagious disease made it prudent to suspend the school, that fact is not a reason why the plaintiff should not have the compensation which had been promised him. He stood ready to teach, and failed only because the committee thought it for the welfare of the town that the scholars should not attend." (p. 130.)

The precise question was before the supreme court of Michigan in *Dewey v. Union School District, etc.*, 43 Mich. 480, 5 N. W. 646, where it was held that the situation brought about by the prevalence of the con

tagious disease was the misfortune of the district and not of the teacher, and that the district ought to bear it.

The judgment will be reversed and the cause remanded with directions to render judgment for the plaintiff for the amount prayed for.