### BLY et al. v. POOL et al.

No. 7311—Opinion Filed July 25, 1916.

(159 Pac. 511.)

1. **Pleading—Amendment—Reply—Time for Amendment.**

It is not an abuse of discretion for the trial court to permit an amended reply, which does not change the issues, to be filed prior to the rendition of final judgment in the case.

2. **Continuance — Pleading — Amendment— Conditions.**

If an amended reply is permitted to be filed just prior to the time of the commencing of the trial of a cause, and it appears that the defendant is not then prepared to proceed with the trial, by reason of such amended reply being filed, the proper practice is not to move to strike such amended reply from the files, but to apply to the court to postpone the trial for such time as may be reasonable for defendant to prepare to meet such amended reply.

3. **Tender—Requisites—Conditions—Amount.**

In order to successfully plead a tender of payment in an action upon a money demand, the tender must be unconditional, and must be of such amount as to cover the demand.

(Syllabus by Collier, C)

Error from District Court, Grady County; Frank M. Bailey, Judge.

Action by Abram J. Pool and another against C. G. Bly and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

Holding & Herr, for plaintiffs in error.

Barefoot & Carmichael, for defendants in error.

Opinion by COLLIER, C. This is an action brought by defendant in error to recover from the plaintiffs in error upon a note in the sum of $800, together with interest thereon from the 1st day of March, 1913, at the rate of 6 per cent. per annum and for interest thereafter at the rate of 12 per cent. per annum until paid and for foreclosure of a mortgage on the lands described in the petition.

The note and mortgage were originally executed by M. J. Armstrong to the Pittsburg Mortgage Investment Company and assigned by said company to Abram Pool, and subsequently assigned by the executor of Abram Pool, deceased, to the defendants in error. After the execution and delivery of the said note and mortgage, the plaintiffs in error purchased the premises described in the mortgage and as a part of the consideration thereof assumed and agreed to pay the said mortgage indebtedness.

The Pittsburg Mortgage Investment Company filed its answer and cross-petition alleging its cause of action against its codefendants, plaintiffs in error, that they were indebted to it in the sum of $80, with 12 per cent. interest thereon, that the said note was executed and delivered to it by one Armstrong, and that to secure the payment of said note said Armstrong executed to said company a second mortgage on the premises described in the petition, and that plaintiffs in error purchased said property from said Armstrong and as a part of the purchase price assumed the payment of said indebtedness.

To the petition of the defendant in error Abram J. Pool, Jr., and the cross-petition of the Pittsburg Mortgage Investment Company, the plaintiffs in error filed their answer denying any indebtedness to the Pittsburg Mortgage Investment Company and alleging a tender on the 13th day of March, 1913, to the defendant in error in the sum of $800 in full satisfaction of the indebtedness owing to the defendant in error.

On August 22, 1914, the defendant in error filed a reply to the answer of plaintiff in er-

ror, and on the 15th day of October, 1914, the cause came on for hearing, and, this being an equitable case, the court, to aid his conscience, submitted certain questions to the jury, which are unnecessary to recite, as the same relate alone to the judgment rendered in favor of the plaintiffs in error and against the Pittsburg Mortgage & Investment Company, of which no complaint is made in this appeal.

The undisputed evidence in the case is that the plaintiff in error, acting through the State National Bank of Marlow, tendered to the Pittsburg Mortgage & Investment Company $830 to secure the release of all papers in the C. G. Bly loan as per letter of instruction by the Pittsburg Mortgage & Investment Company, which letter is as follows:

"First National Bank, Pittsburg, Kansas— Gentlemen: The Pittsburg Mortgage Investment Co. of your city holds a real estate mortgage on the northwest quarter of section 32, township four, north of range eight west. 1. M., Grady county, Oklahoma. The mortgage was signed by M. J. Armstrong—a single man. The loan was assumed by C. G. Bly, of Marlow, Oklahoma, who wishes to pay the loan.

"Mr. Bly has had a controversy with the company as to the amount due on the loan, and Mr. Bly claims that he owes them the principal sum of eight hundred dollars and twenty-four dollars interest, and also interest on the $824 from March 1st, inst., when the note was due, till the tenth, for which we will say is $6.00.

"We are inclosing herewith New York Exchange for eight hundred and thirty dollars. as above set forth, and would like for you to take that amount of legal tender, to the officer of the Pittsburg Mortgage Investment Company and offer it to them in full settlement of the mortgage, securing from them a release in full of all claims they have against the land, and we ask that you have two witnesses with you who can make affidavit that you offered the money, as it may be necessary to secure from them affidavits to that effect. If they refuse to take the money please deduct the amount of your fee and return the balance to us, if they accept the money, please advise us of your charge and we will remit.
"Yours truly,    O. R. McKinney, Cas."

The Pittsburg Mortgage Investment Company replied to said demand that they were not in possession of the papers at the time; that they had been assigned; that it would be impossible for them to comply with the demands of the letter and that the amount tendered was insufficient to cover the indebtedness of Mr. Bly; that said letter was presented to the Pittsburg Mortgage Investment Company.

It was further shown in the evidence that the Pittsburg Mortgage Investment Company had never objected to furnishing Mr. Bly release of the Abram J. Pool, Jr., mortgage upon the payment of the Pittsburg Mortgage Investment Company; that the Pittsburg Mortgage Investment Company would have secured a release properly executed for Mr. Bly had he remitted the amount of the first mortgage and accrued interest thereon; that the $830 tendered was not tendered solely for the payment of the Abram J. Pool, Jr., loan, but was for the release of both the first and second mortgage held against the land by Abram J. Pool, Jr., and the Pittsburg Mortgage Investment Company.

On the 21st day of October, 1914, the defendant in error Abram J. Pool filed his motion for judgment upon the evidence introduced in his favor and against the defendant for the sum of $830, with interest at the rate of 12 per cent. from the 1st day of March, 1913, for the costs of the suit and for $80 attorney's fee.

Upon the hearing of said motion on the 29th day of October, 1914, plaintiff asked and was granted leave of the court to file an amended reply in said cause, which leave was by the court granted, to which the plaintiffs in error duly excepted. Said amended reply, in substance, denies that a legal tender was ever made to the plaintiff, and sets out that said tender was a conditional tender, therefore void, and no tender at all.

On the 30th day of October, 1914, plaintiffs in error moved to strike from the files said amended reply for the reason that the court had no authority in law to permit said reply, and that the court abused the authority to grant such leave to file said reply, which said motion the court overruled, and plaintiffs in error duly excepted thereto.

The court sustained the motion of defendant in error for judgment and rendered judgment against the plaintiff in error Bly, in the sum of $969.97, with interest thereon at the rate of 6 per cent. per annum from the 31st day of October, 1914, and costs of the suit and $80 attorney's fee.

Timely motion was made for a new trial as to the judgment rendered against plaintiffs in error in favor of Abram J. Pool, Jr., which said motion was overruled and duly excepted to. To reverse said judgment so as to modify the same by reducing said judgment to $830, the amount of the tender, and that the interest and attorney's fee be denied and the costs of the cause taxed to the plaintiff, this appeal is prosecuted.

The errors assigned are: (1) That the court erred in rendering judgment in excess of $830; (2) that the court erred in permitting the plaintiff. after the trial of said cause, over and against the objection and ex-

ception of defendant, to amend his reply to conform to the purported provision in said cause; (3) the court erred in overruling defendant's motion to strike said reply; (4) the court erred in overruling defendant's motion for a new trial.

The pivotal question involved in this case is, whether or not the tender pleaded in this case was a legal tender and unconditional tender so as to discharge the plaintiff in error from the payment of interest thereafter and the payment of attorney's fees and the costs incident to this cause. There is no evidence in the case that the $830 tendered was sufficient to cover the entire indebtedness, which it was tendered to pay.

The uncontradicted evidence in this case is that the tender was a conditional one, conditioned upon the surrender of the evidence of the security for all indebtedness claimed against plaintiffs in error.

"To constitute a sufficient tender, it must be unconditioned. Where a larger sum than that tendered is in good faith claimed to be due, the tender is ineffectual as such if its acceptance involves the admission that no more is due." Sam J. Smith v. School Dist., 89 Kan. 225, 131 Pac. 557, Ann. Cas. 1914D, 139; Moore v. Norman, 52 Minn. 83, 53 N. W. 809, 18 L. R. A. 359, 58 Am. St. Rep. 526, and notes page 529, 38 Cyc. and cases cited in note on pages 152 and 153.

The money tendered must be tendered unconditionally, and a tender accompanied with some condition, as where a sum is offered in full discharge or as a payment in full, is invalid. 38 Cyc. 152, and authorities cited in note 55. We are of the opinion that the tender was a conditional one and invalid as a tender.

The contention of the plaintiff in error that the amended reply was filed after the trial is not supported by the record. The issues between plaintiff Abram J. Pool, Jr., and the plaintiffs in error C. G. Bly and N. E. Bly were not settled until the judgment was rendered on October 30, 1914, and therefore the said amended reply was filed prior to the final trial of this cause. However, we are of the opinion that under section 4790, Rev. Laws 1910, the court did not abuse its discretion by permitting the amended reply to be filed.

We are unable to see that the amended reply in any way changes the defense or that it was necessary for plaintiff to file the amended reply, and the judgment was rendered on the 30th day of October, 1914, after permission had been granted to plaintiff to file the amended reply. If the amended reply changed the issues or it was necessary in justice to the plaintiffs in error that they be given time in which to prepare to meet the issues raised by the amended reply, the proper practice would be to request the court for time to prepare to meet the issues raised by said amended reply, and the motion to strike the said amended reply from the files was without merit.

It follows that the court did not err in denying a new trial in this cause. The appeal in this case being without merit from any standpoint from which it may be viewed, this cause should be affirmed.

By the Court: It is so ordered.