## BOARD OF EDUCATION OF CITY OF HUGO, CHOCTAW COUNTY, v. COUCH.

No. 7166—Opinion Filed Jan. 9, 1917.

(162 Pac. 485.)

(Syllabus by the Court.)

**Schools and School Districts—Teachers—Compensation.**

C.'s contract as a teacher provided for a term of nine months and contained no provision for deduction in compensation during times when school was closed. Before the close of the term the school was closed by order of the board of health on account of the prevalence of a contagious disease in the district, and remained closed for the period of one month, during which time C., as directed by the superintendent of schools, held himself in readiness to resume his duties, which he did, completing his term. Held, that C. is entitled to recover the full compensation agreed upon.

Error from District Court, Choctaw County; Summers Hardy, Judge.

Action by O. L. Couch against the Board of Education of the City of Hugo, Choctaw County. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Stephenson & Darrough, for plaintiff in error.

Hammonds & Hammonds and Couch & O'Keefe, for defendant in error.

KANE, J.    This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering one month's salary as principal in one of the ward schools of the city of Hugo. Upon trial to the court there was judgment for the plaintiff, as prayed for, to reverse which this proceeding in error was commenced. Hereafter the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the trial court.

It seems that the plaintiff was employed by the defendant as principal in one of the ward schools and to teach the sixth and seventh

grades for the school year 1912-13, a period of nine months, commencing on the 9th day of September, and continuing to the 16th day of May, at a salary of $90 per month; that he entered upon the performance of his duties on the 9th day of September, and continued therein until the 1st day of February, 1913, when an epidemic of smallpox broke out in the city of Hugo; thereupon the board of health, acting under authority conferred upon it by statute, issued an order closing said schools during the prevalence of said disease; thereupon the superintendent of schools instructed the teachers, and among them the plaintiff, to hold themselves in readiness to resume their duties as soon as the schools were permitted to be reopened; that said schools were reopened and plaintiff resumed his duties at the end of one month, and continued to carry out his contract to the end of the term. The defendant admitted the execution of the contract and the facts generally as alleged by the plaintiff, but contended that, the schools being closed by the board of health, acting under legal authority, such action rendered further performance of the contract illegal for both plaintiff and defendant, and therefore no recovery could be had by the plaintiff for the month of suspension from duty.

We are of the opinion that the court below decided the case correctly in rendering judgment for the plaintiff. The case of Randolph v. Sanders, 22 Tex. Civ. App. 331, 54 S. W. 621, seems to us to be directly in point. In that case the schools were closed on account of the prevalence of an epidemic disease, and the reopening thereof was temporarily postponed by authority of the city authorities and health officers of the state and city and county during the period of three months. Discussing the effects of this suspension upon the right of one of the school-teachers to recover his salary for the time the school was closed, Mr. Chief Justice James, who delivered the opinion for the court, says:

"* * * Plaintiff was not consulted as to the closing of the schools as aforesaid, but was informed and required by the executive school board that she should hold herself ready to resume her duties under said contract as soon as the health authorities would permit the schools to be opened, and the executive council should so direct; that plaintiff accordingly held herself ready at all times up to May 15, 1899, to resume her duties, * * * and the requirement of her that she remain in readiness to resume work at any time she might be called upon, and that she remained ready. In view of this, we are of opinion that it cannot be said that the schools were closed, or the term shortened, in the sense of the contract. * * * Had the act of closing of the schools been intended as permanent on January 6, 1899, or at any date afterwards, plaintiff's right to compensation after such time would probably not have existed. But the schools were never discontinued, only suspended temporarily, and were liable to open at any time. Plaintiff was notified that she was to be ready to work when the schools resumed, and this might have occurred any day. There was no dereliction or fault on her part in any respect. Had the schools been closed permanently, she would have been able to seek other employment; but, as it was, she was held as a teacher under her contract, and the city cannot, in justice, claim that her time so spent was not in the actual service of the schools. Under the circumstances we think the warrant was in conformity with the ordinance requiring that the services be rendered, and the salary due, for which it should issue."

Other cases to the same effect which tend to throw light upon the subject under discussion are Barker v. Hodgson, 3 M. & S. (Eng.) 267, 38 Am. Rep. 211; San Antonio Brew. Ass'n v. Brents, 39 Tex. Civ. App. 443, 88 S. W. 368; School Town of Carthage v. Gray, 10 Ind. App. 428, 37 N. E. 1059, cited in 34 Ann. Cas. 142; Libby v. Inhabitants of Douglas, 175 Mass. 128, 55 N. E. 808; McKay v. Barnett, 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371; Baylies v. Fettyplace, 7 Mass. 325; Dewey v. School District, 43 Mich. 480, 5 N. W. 646, 38 Am. Rep. 206; School Town of Carthage v. Gray, 10 Ind. 428, 37 N. E. 1059.

Counsel for defendant in their brief say that the case of Sherman County School Dist. No. 16 v. Howard, 5 Neb. Unof. 340, 98 N. W. 666, is the only case precisely in point, and that it sustains their view. In that case it does not appear whether the teacher was instructed by a superior to hold himself ready to resume his duties as soon as the schools were permitted to open, but it does appear that after the closing, the schools did not open again for the school year. In the case at bar the schools were never discontinued—only suspended temporarily; and the teachers were instructed to hold themselves ready to resume their duties when the schools reopened, which might occur any day.

In our judgment, the board of education might have stipulated that the plaintiff should have no compensation during the time the schools were closed on account of the prevalence of a contagious disease, but, not having done so, and the suspension being temporary, it cannot deny him compensation for the time lost on account of the temporary suspension from duty.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except HARDY, J., before whom the cause was tried below.