Matthias, J.
The contract entered into by and between Montgomery and the board of education, as found by the trial court from the evidence,, and which there was ample evidence to support, was an entire contract, wherein it was agreed that Montgomery should transport pupils to and from school during the school term of eight and one-half months at the rate of $3.00 per day, payable monthly. There was no stipulation in the contract whereby either of the parties should be relieved from the obligations thereof by reason of any conditions which might thereafter arise. It is to be observed that the direction of the local health officer, pursuant to which the sessions of the school were suspended, was that the school be closed until further notice. It waSjNhe-r-efore,' required of the plaintiff, in order to perform his contract, to constantly and continuously maintain a team and equipment, and hold himself in readiness at any and all times upon notice to transport the pupils of the district to and from school. He could not make any engagements whatever that would prevent the faithful and prompt discharge of his duties under the terms and conditions of his contract. Such was his obligation during the entire period of eight and one-half months which the contract covered.
The only question of law presented by the record in this case is whether under the terms of such con *192 tract, and the circumstances and conditions to • which reference has been made, the plaintiff in error is entitled to compensation for that portion of the period covered by the terms of such contract during which the schools were closed by the order of the local health authorities as a precautionary health measure on account of an epidemic of influenza.
The view that the plaintiff is entitled to such compensation and that recovery thereof in this case is justified is amply supported both by reason and authority. The right to recover under similar circumstances frequently has been sustained in behalf of teachers in the public schools, and no reason is perceived why the same rule should not apply to one occupying such relation to the public schools as does the plaintiff in this case.
It is quite generally held that no deduction can be made from the salary of a teacher in the public schools for the time the school is closed by reason of contagious disease, where the teacher remains ready to continue his duties under his contract of employment, unless there is a stipulation in the contract of employment covering such possible occurrence. (35 Cyc., 1099.) Numerous decisions may be cited in support of this proposition, from which we have selected the following because of the sound reasoning supporting the conclusion announced, which apply directly to the case under consideration: Dewey v. Union School Dist. of Alpena, 43 Mich., 480; McKay v. Barnett, Treas., 21 Utah, 239; Randolph v. Sanders, 22 Tex. Civ. App., 331; Libby v. Inhabitants of Douglas, 175 Mass., 128; Smith v. *193 School District, 89 Kans., 225; Board of Education of Hugo v. Couch, 63 Okla., 65, and School Town of Carthage v. Gray, 10 Ind. App., 428. In each of these cases the suspension of school was temporary and the person whose compensation was in issue was required to and did remain in readiness to resume active and actual discharge of his prescribed duties.
In this case the plaintiff in error necessarily was subject to the daily direction and order of the board of education and could not make any engagement or undertake any service which' would interfere with his constant readiness to resume the active discharge of the duties imposed. During all such period, therefore, upon each school day, his time and service and the service of his team, which he must necessarily provide and constantly maintain, continued subject to the order of the board of education; and his employment, in so far at least as it prevented his engagement in other occupation or undertaking inconsistent with his duties under his contract, was continuous throughout all of the period in question. He did in fact, upon the resumption of school after such period of suspension, convey the pupils of the district to and from school during the remainder of the school year.
The contingency which here occurred was one which might well have been foreseen and provided against in the contract, but was not. The law will not insert by construction for the benefit of one of the parties an exception or condition which the parties either by design or neglect have omitted from their own contract.
*194 The judgment of the court of appeals is reversed and that of the common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.